# United States District Court
## Middle District of Tennessee
### At Nashville

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 3:02-CR-00128-5 |
| ) | Civil No. |
| Plaintiff-Respondent, ) | HON. WILLIAM J. HAYNES, JR. |
| ) | MAG. |
| vs. ) | |
| ) | |
| JOSE MORAN OCEGUEDA, ) | VERIFICATION OF EXHIBITS |
| ) | |
| Defendant-Movant. ) | |

\* \* \* \* \* \* \* \* \* \*

**COMES NOW DEFENDANT-MOVANT Jose Moran Ocegueda** and deposes and states as follows:

1.) I am the Defendant-Movant in the above entitled case and the instant proceedings pursuant to 28 U.S.C. §2255.

2.) The attached documents are submitted as exhibits in support of my Section 2255 motion. I have personal knowledge of the originals of the exhibits and state that the copies truly and accurately represent said originals.

3.) I have read the foregoing and state that it is true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746 this _____ day
of _____, 2009.


_____
**JOSE MORAN OCEGUEDA**
Defendant-Movant
26319-112
P.O. Box 6000
Glenville, WV 26351

61

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):

United States v. Jose Moran Ocegueda, Crim. No. 3:02-cr-128-5 (MD TN)(Judge Haynes)

My current cause of action or appeal is (check all that apply):

____  A direct appeal of my original criminal conviction or sentence (filed with the U.S. Court of Appeals);

_X__  An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filed with sentencing court or U.S. Court of Appeals); or

____  Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my underlying criminal case, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

United States v. Jose Moran Ocegueda, Crim. No. 3:02-cr-128-5 (MD TN)(Judge Haynes)

This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature  X | | Inmate Printed Name  JOSE MORAN OCEGUEDA |
|---|---|---|
| Reg. No. 26319-112 | Date Signed  X | Institution Address  P.O. Box 6000  Glenville, WV 26351 |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to ATTACH to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an ATTACHMENT to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an ATTACHMENT requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)

**Ocegueda Exhibit A1**

**TO THE CLERK OF COURT:** This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):

**United States v. Jose Moran Ocegueda, Crim. No. 3:02-cr-128-5 (MD TN)(Judge Haynes)**

My current cause of action or appeal is (check all that apply):

_____ A direct appeal of my original criminal conviction or sentence (filed with the U.S. Court of Appeals);

__X__ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filed with sentencing court or U.S. Court of Appeals); or

_____ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgment (including Statement of Reasons (SOR)), where necessary, from my underlying criminal case, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

**United States v. Jose Moran Ocegueda, Crim. No. 3:02-cr-128-5 (MD TN)(Judge Haynes)**

This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature  X | Inmate Printed Name **JOSE MORAN OCEGUEDA** |
|---|---|
| Reg. No. 26319-112 | Date Signed  X | Institution Address **P.O. Box 6000 Glenville, WV 26351** |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to ATTACH to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an ATTACHMENT to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an ATTACHMENT requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)

**Ocegueda Exhibit B1**

```
U.S. District Court
Middle District of Tennessee (Nashville)
CRIMINAL DOCKET FOR CASE #: 3:02-cr-00128-5

Case title: USA v. Zamora, et al., et al
Magistrate judge case number:   3:02-mj-03055

Date Filed: 07/25/2002
Date Terminated: 08/01/2005
--------------------------------------------------------------------------
Assigned to: District Judge William J. Haynes, Jr

Defendant (5)
Jose Fernando Moran Ocegueda
Spanish interpreter required.
TERMINATED: 08/01/2005
also known as
"Fernando"
TERMINATED: 08/01/2005
also known as
"El Guero"
TERMINATED: 08/01/2005
also known as
Jose Moran
TERMINATED: 08/01/2005 represented by Kathleen G. Morris
42 Rutledge Street
Nashville, TN 37210
(615) 242-3200
Email: morriskathleen@bellsouth.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: CJA Appointment

Pending Counts
Disposition
Indictment filed 7/25/02: 21:846 and 18:2 Conspiracy to possess with intent
            to distribute 5 kilograms or more of cocaine
(1)   Termed
Superseding Indictment filed 8/28/02: 21:846 and 18:2 Conspiracy to possess
            with intent to distribute 5 kilograms or more of cocaine
(1s)  Termed
Second Superseding Indictment filed 4/23/03: 21:846 and 18:2 Conspiracy to
            distribute and to possess with intent to distribute 5 kilograms
            or more of cocaine
(1ss)  Termed
Third Superseding Indictment filed 5/27/04: 21:846 and 18:2 Conspiracy to
            possess with intent to distribute 5 kilograms or more of cocaine
(1sss)  Termed
Fourth Superseding Indictment filed 7/28/04: 21:846 Conspiracy to possess
            with intent to distribute 5 kilograms or more of cocaine
(1ssss)  Jury verdict of guilty. Imprisonment for 240 months. 5 years
            supervised release, with special conditions. $100 special
            assessment.

Highest Offense Level (Opening)
Felony
```

**Ocegueda Exhibit C1**

Terminated Counts
Disposition
None

Highest Offense Level (Terminated)
None

Complaints
Disposition
None

-------------------------------------------------------------------------
         ----

Plaintiff
USA   represented by Harold Benton McDonough, Jr.
Office of the United States Attorney
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 736-5151
Email: hal.mcdonough@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Date Filed # Docket Text
07/15/2002 7  ORDER by Magistrate Judge Joe B. Brown appointing counsel for
              deft Phillip Pena Santiago . (cc: all counsel) [ 3:02-m -3049 ]
              (as) (Entered: 07/18/2002)
07/15/2002 8  ORDER by Magistrate Judge Joe B. Brown: Motion by Govt for
              detention as to deft Phillip Pena Santiago [3-1] withdrawn by the
              Govt. (cc: all counsel) [ 3:02-m -3049 ] (as) (Entered:
              07/18/2002)
07/17/2002 3  ORDER by Magistrate Judge Joe B. Brown: Motion by Govt to seal
              the complaint and arrest warrants as to defts Javier Zamora and
              Efren Lopez Benitez, aka Oscar, [2-1] is GRANTED. (EOD 7/18/02)
              (cc: all counsel) [ 3:02-m -3052 ] (as) Modified on 07/22/2002
              (Entered: 07/18/2002)
07/18/2002 5  ORDER by Magistrate Judge Joe B. Brown: Motion by Govt to
              unseal the complaint and arrest warrants as to Javier Zamora and
              Efren Lopez Benitez, aka Oscar, [4-1] is GRANTED. Case unsealed .
              (EOD 7/18/02) (cc: all counsel) [ 3:02-m -3052 ] (as) Modified on
              07/22/2002 (Entered: 07/18/2002)
07/18/2002 1  COMPLAINT against deft Jose Fernando Moran-Oceugeda signed by
              Magistrate Judge Joe B. Brown [ 3:02-m -3055 ] (as) (Entered:
              07/22/2002)
07/18/2002    ARREST Warrant issued for deft Jose Fernando Moran-Oceugeda by
              Magistrate Judge Joe B. Brown [ 3:02-m -3055 ] (as) (Entered:
              07/22/2002)
07/18/2002 2  MOTION by Govt to seal the complaint and warrant as to deft
              Jose Fernando Moran-Oceugeda . [ 3:02-m -3055 ] (as) (Entered:
              07/22/2002)
07/18/2002 3  ORDER by Magistrate Judge Joe B. Brown: Motion by Govt to seal
              the complaint and warrant as to deft Jose Fernando Moran-Oceugeda
              [2-1] is so ordered. (EOD 7/22/02) (cc: all counsel) [ 3:02-m -
              3055 ] (as) (Entered: 07/22/2002)

# Ocegueda Exhibit C2

07/18/2002 11  ORDER by Magistrate Judge Joe B. Brown appointing counsel for
              deft Efren Lopez Benitez (cc: all counsel) [ 3:02-m -3052 ] (as)
              (Entered: 07/22/2002)
07/18/2002 12  ORDER of Temporary Detention by Magistrate Judge Joe B. Brown:
              On motion by Govt [7-1], a detention hearing and preliminary
              hearing are set for 10:30 a.m. on 7/23/02 for deft Efren Lopez
              Benitez . (cc: all counsel) [ 3:02-m -3052 ] (as) (Entered:
              07/22/2002)
07/18/2002 8   ORDER by Magistrate Judge Joe B. Brown appointing counsel for
              deft Julio Augustin Solis Barrientos . (cc: all counsel) [ 3:02-m
              -3053 ] (as) (Entered: 07/22/2002)
07/18/2002 11  ORDER by Magistrate Judge Joe B. Brown appointing counsel for
              deft Guillermo Garcia Alvarez . (cc: all counsel) [ 3:02-m -3053
              ] (as) (Entered: 07/22/2002)
07/18/2002 12  ORDER of Temporary Detention by Magistrate Judge Joe B. Brown:
              On motion by Govt [4-1] and [4-2], a detention hearing and
              preliminary hearing are set for 10:30 a.m. on 7/23/02 for defts
              Julio Augustin Solis Barrientos and Guillermo Garcia Alvarez .
              (cc: all counsel) [ 3:02-m -3053 ] (as) (Entered: 07/22/2002)
07/23/2002 13  CJA Form 20 appointing James Simmons as counsel for deft Julio
              Augustin Solis Barrientos. [ 3:02-m -3053 ] (as) (Entered:
              07/24/2002)
07/23/2002 14  CJA Form 20 appointing William B. Bruce as counsel for deft
              Guillermo Garcia Alvarez. [ 3:02-m -3053 ] (as) (Entered:
              07/24/2002)
07/23/2002 13  CLERKS RESUME of hearing before Magistrate Judge Joe B. Brown:
              Deft Efren Benitez appeared with counsel Kerry Haymaker for
              preliminary hearing and detention hearing on 7/23/02. Hearings
              continued until 1:00 p.m. on 7/29/02 . Spanish Interpreters: Amy
              Calzadilla and Margaret Redd. [ 3:02-m -3052 ] (as) (Entered:
              07/24/2002)
07/23/2002 15  CLERKS RESUME of hearing before Magistrate Judge Joe B. Brown:
              Deft Julio Augustin Solis Barrientos appeared with counsel James
              Simmons and deft Guillermo Garcia Alvarez appeared with counsel
              William Bruce for preliminary hearing and detention hearing on
              7/23/02 . Defts bound over to grand jury. Both defts detained on
              motion(s) by Govt [4-1] and [4-2]. Orders of detention to enter.
              [ 3:02-m -3053 ] (as) (Entered: 07/24/2002)
07/25/2002 18  INDICTMENT filed by Govt against defts Javier Zamora (Counts
              1, 2), Efren Lopez Benitez (Counts 1, 2), Guillermo Garcia
              Alvarez (Count 1), Julio Augustin Solis Barrientos (Count 1),
              Jose Fernando Moran Ocegueda (Count 1) and Phillip Pena Santiago
              (Counts 1, 2) (as) (Entered: 07/26/2002)
07/26/2002     ARREST Warrant issued for Jose Fernando Moran Ocegueda (as)
              (Entered: 07/26/2002)
07/26/2002 19  CJA Form 20 appointing G. Kerry Haymaker as counsel for deft
              Efran Benitez. (seal) (Entered: 07/29/2002)
07/29/2002 20  NOTICE: Arraignment is set before Magistrate Judge Brown at
              1:30 p.m. on 8/7/02 for defts Guillermo Garcia Alvarez, Julio
              Augustin Solis Barrientos and Phillip Pena Santiago . (seal)
              (Entered: 07/29/2002)
08/06/2002 25  MOTION by Govt to unseal the indictment as to defts Javier
              Zamora, et al. (seal) (Entered: 08/07/2002)
08/06/2002 26  ORDER by Magistrate Judge Joe B. Brown: Motion by Govt to
              unseal the indictment as to defts Javier Zamora, et al. [25-1] is
              GRANTED. Case unsealed . (EOD 8/7/02) (cc: all counsel) (seal)
              (Entered: 08/07/2002)

**Ocegueda Exhibit C3**

08/12/2002  33  ORDER of Temporary Detention by Magistrate Judge Juliet E.
               Griffin: On motion by Govt [31-1], detention hearing,
               arraignment, and issue regarding appointment of counsel are set
               for 2:00 p.m. on 8/14/02 for deft Javier Zamora . (cc: all
               counsel) (as) (Entered: 08/13/2002)
08/15/2002  6   ORDER by Magistrate Judge Juliet E. Griffin appointing counsel
               for deft Edgar Omar Garcia (cc: all counsel) [ 3:02-m -1056 ]
               (as) Modified on 08/26/2002 (Entered: 08/22/2002)
08/20/2002  7   ORDER of Temporary Detention by Magistrate Judge Juliet E.
               Griffin: On motion by Govt [3-1]. a detention hearing and
               preliminary hearing are set for 11:00 a.m. on 8/20/02 for deft
               Edgar Omar Garcia (cc: all counsel) [ 3:02-m -1056 ] (as)
               (Entered: 08/22/2002)
08/20/2002  8   CLERKS RESUME of hearing before Magistrate Judge Juliet E.
               Griffin: Deft Edgar Omar Garcia appeared with counsel Shannon
               Hooks for preliminary hearing and detention hearing on 8/20/02.
               Hearings continued until 11:00 a.m. on 8/23/02 . [ 3:02-m -1056 ]
               (as) Modified on 08/26/2002 (Entered: 08/22/2002)
08/21/2002  9   ORDER by Magistrate Judge Juliet E. Griffin: On 8/20/02, deft
               Edgar Omar Garcia moved for continuance of the preliminary and
               detention hearings as Scott Ellison of Texas has been retained as
               counsel by deft. The hearings are reset for 11:00 a.m. on 8/23/02
               . (EOD 8/22/02) (cc: all counsel) [ 3:02-m -1056 ] (as) Modified
               on 08/26/2002 (Entered: 08/22/2002)
08/23/2002 40   CJA Form 20 appointing Thomas Drake, Jr. as counsel for deft
               Javier Zamora at the initial appearance on 8/9/02. (as) (Entered:
               08/26/2002)
08/27/2002 19   CJA Form 20 appointing Shannon Hooks as counsel for deft Edgar
               Omar Garcia. [ 3:02-m -1056 ] (as) (Entered: 08/28/2002)
08/28/2002 41   FIRST SUPERSEDING INDICTMENT filed by Govt against defts
               Javier Zamora (Counts 1s, 2s, 3s), Efren Lopez Benitez (Count 1s,
               2s), Guillermo Garcia Alvarez (Count 1s), Julio Augustin Solis
               Barrientos (Count 1s), Jose Fernando Moran Ocegueda (Count 1s),
               Phillip Pena Santiago (Counts 1s, 2s) and adding deft Edgar Omar
               Garcia (Counts 1, 2, 3) (as) (Entered: 08/30/2002)
08/29/2002      ARREST Warrant re-issued for Jose Fernando Moran Ocegueda (as)
               (Entered: 08/30/2002)
08/30/2002 43   NOTICE: Arraignment on the superseding indictment is set
               before Magistrate Judge Griffin at 1:00 p.m. on 9/12/02 for defts
               Javier Zamora, Efren Lopez Benitez, Guillermo Garcia Alvarez,
               Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda,
               Phillip Pena Santiago and Edgar Omar Garcia (as) (Entered:
               09/03/2002)
09/03/2002 44   ARREST Warrant returned unexecuted as to deft Jose Fernando
               Moran Ocegueda. Replaced with new warrant issued 8/29/02. (as)
               (Entered: 09/03/2002)
09/09/2002 46   TRANSCRIPT of detention hearing on 8/23/02 as to deft Edgar
               Omar Garcia produced and filed by Cindi Kellam. (as) (Entered:
               09/11/2002)
09/11/2002 54   ORDER by Magistrate Judge Juliet E. Griffin: On 9/10/02, the
               Court received recorded Agreements to Forfeit Property relating
               to deft Edgar Omar Garcia's brother's home and parent's home. On
               9/10/02, deft Edgard Omar Garcia was released in accord with the
               Appearance Bond [14-1]... (EOd 9/17/02) (cc: all counsel) (as)
               (Entered: 09/17/2002)
09/16/2002 56   ORDER by Magistrate Judge Juliet E. Griffin: On motion by Govt
               for revocation of Magistrate's order of release on bond [55-1],

**Ocegueda Exhibit C4**

deft Edgar Omar Garcia is ordered to appear at 9:00 a.m. on 9/19/02. Scott Ellison and Peter Strianse shall be present at the hearing . (EOD 9/17/02) (cc: all counsel) (as) (Entered: 09/17/2002)

09/19/2002 57  MOTION by Govt to set trial as to defts Javier Zamora, Efren Benitez, Guillermo Alvarez, Julio Barrientos, Phillip Santiago and Edgar Garcia . (Deft Jose Ocegueda remains a fugitive) (rls) Modified on 09/23/2002 (Entered: 09/20/2002)

09/19/2002 60  ORDER by Magistrate Judge Juliet E. Griffin: A bond hearing was scheduled for 9/19/02, at which time deft Edgar Omar Garcia failed to appear in compliance with the order . A warrant for arrest shall issue for deft's failure to appear on 9/19/02. The deft's bond [14-1] is revoked and the release order [15-1] is vacated. In accordance with the Agreement to Forfeit Property, the property posted by deft's parents, Rubin and Oliva Garcia, is hereby forfeited. (EOD 9/23/02) (cc: all counsel) (as) (Entered: 09/23/2002)

09/24/2002 63  ORDER by Judge William J. Haynes, Jr.: Motion by deft Efren Lopez Benitez to extend motion filing deadline [61-1] is GRANTED. All motions must be filed by 11/22/02 . (EOD 9/25/02) (cc: all counsel) (rls) (Entered: 09/25/2002)

09/24/2002 64  ORDER by Judge William J. Haynes, Jr.: The jury trial is hereby set for 9:00 a.m. on 12/2/02 as to defts Javier Zamora, Efren Lopez Benitez, Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Phillip Pena Santiago and Edgar Omar Garcia. All defts and counsel shall appear for a status conference at 1:30 p.m. on 11/25/02. Any motions requiring an evidentiary hearing shall be filed by close of business on 11/22/02, and the hearing shall take place at 2:30 p.m. on 11/29/02 . (EOD 9/30/02) (cc: all counsel) (rls) (Entered: 09/30/2002)

09/30/2002 65  CRIMINAL COLLATERAL RETURNED to attorney Peter Strianse in the form of the Deed of Trust and Agreement ot Forfeit Property to secure the appearance bond for deft Edgar Omar Garcia (rls) (Entered: 10/01/2002)

11/01/2002 68  ORDER by Judge William J. Haynes, Jr.: Motion by attorney Scott Ellison to withdraw as counsel of record for deft Edgar Omar Garcia [67-1] is GRANTED. (EOD 11/4/02) (cc: all counsel) (rls) (Entered: 11/04/2002)

11/08/2002 71  ORDER by Judge William J. Haynes, Jr.: Motion by James A. Simmons, counsel of record for deft Julio Augustin Solis Barrientos, to withdraw as appointed counsel [69-2] is GRANTED. (EOD 11/12/02) (cc: all counsel) (rls) (Entered: 11/12/2002)

12/02/2002 73  CJA Form 20 appointing Patrick T. McNally as counsel for deft Julio Augustin Solis (replacing appointed counsel James Simmons) (as) (Entered: 12/03/2002)

02/04/2003 74  MOTION by Govt to substitute AUSA Harold B. McDonough for AUSA Van Vincent as counsel of record (rls) (Entered: 02/05/2003)

02/05/2003 76  ORDER by Judge William J. Haynes Jr.: Motion by Govt to substitute AUSA Harold B. McDonough for AUSA Van Vincent as counsel of record [74-1] is GRANTED. (EOD 2/7/03) (cc: all counsel) (as) (Entered: 02/07/2003)

02/06/2003 75  ORDER by Magistrate Judge Joe B. Brown: This matter is set for further proceedings regarding deft Philip Pena Santiago's conditions of release at 2:00 p.m. on 2/25/03 . (EOD 2/7/03) (cc: all counsel) (as) (Entered: 02/07/2003)

**Ocegueda Exhibit C5**

02/25/2003 77  CLERKS RESUME of hearing before Magistrate Judge Joe B. Brown:
               Deft Phillip Santiago appeared with appointed counsel Doug
               Thoresen for a bond hearing held on 2/25/03 . (rls) (Entered:
               02/26/2003)
03/03/2003 80  ORDER by Judge William J. Haynes, Jr.: Motion by deft Phillip
               Pena Santiago to modify conditions of release to authorize mental
               health counseling [79-1] is GRANTED. (EOD 3/3/03) (cc: all
               counsel) (rls) (Entered: 03/03/2003)
03/13/2003 83  ORDER by Judge William J. Haynes, Jr.: The jury trial is
               hereby reset for 9:00 a.m. on 5/27/03 for defts Javier Zamora,
               Efren Lopez Benitez, Guillermo Garcia Alvarez, Julio Augustin
               Solis Barrientos, Phillip Pena Santiago, and Edgar Omar Garcia.
               Any plea agreement shall be consummated by 12:00 p.m. on 5/23/03.
               Any proposed plea agreement shall be submitted to the Court at
               1:30 p.m. on 5/26/03. Defts and counsel shall appear for a status
               conference at 2:30 p.m. on 5/19/03. Any motions requiring an
               evidentiary hearing shall be filed by close of business on 5/9/03
               and the hearing shall take place at 2:30 p.m. on 5/23/03 . (EOD
               3/14/03) (cc: all counsel) (rls) (Entered: 03/14/2003)
04/23/2003 85    SECOND SUPERSEDING INDICTMENT filed by Govt against defts
               Javier Zamora (Counts 1ss, 2ss, 3ss), Efren Lopez Benitez (Counts
               1ss, 2ss), Guillermo Garcia Alvarez (Count 1ss), Julio Augustin
               Solis Barrientos (Count 1ss), Jose Fernando Moran Oceguela (Count
               1ss), Phillip Pena Santiago (Counts 1ss, 2ss), Edgar Omar Garcia
               (Counts 1s, 2s, 3s) and adding defts Eric Griffen (Counts 1, 2),
               Kerlandis Herod (Counts 1, 2) and Paulino Guizar (Counts 1, 2)
               (as) Modified on 04/30/2003 (Entered: 04/25/2003)
04/24/2003    ARREST Warrant re-issued for Jose Fernando Moran Ocegueda on the
               second superseding indictment. (as) (Entered: 04/25/2003)
04/29/2003 86  NOTICE: Arraignment on the second superseding indictment is
               set before Magistrate Judge Griffin at 10:00 5/8/03 for defts
               Javier Zamora, Efren Lopez Benitez, Guillermo Garcia Alvarez,
               Julio Augustin Solis Barrientos and Phillip Pena Santiago (as)
               (Entered: 04/30/2003)
05/08/2003 87    CLERKS RESUME of hearing before Magistrate Judge Juliet E.
               Griffin: Deft Javier Zamora appeared without counsel Charles
               Starcher for arraignment on the second superseding indictment on
               5/8/03 . Deft presented Court with a copy of a signed waiver of
               arraignment. Court has interpreter read waiver to deft and he re-
               signed it as the original. No communication from counsel with the
               Court. OCR Marvyn Bacigalupo (as) (Entered: 05/09/2003)
05/08/2003 92  CLERKS RESUME of hearing before Magistrate Judge Juliet E.
               Griffin: Deft Phillip Pena Santiago appeared with counsel Doug
               Thoresen for arraignment on the second superseding indictment. On
               motion by deft, the arraignment is reset for 11:00 a.m. on
               5/14/03 . (as) (Entered: 05/09/2003)
05/15/2003 94  ORDER by Magistrate Judge Juliet E. Griffin: By notice entered
               4/30/03 [86-1], the arraignment for deft Javier Zamora on the
               second superseding indictment was scheduled for 5/8/03 . No
               waiver was received by 5/7/03 nor did the Court hear from counsel
               for deft. Deft was transported by the USM to the arraignment on
               5/8/03. After arraignment, the Court received an original waiver
               signed by deft's counsel and a faxed copy signed by deft that had
               been mailed to the Clerk and received on 5/7/03. Since they have
               been received, the Clerk is directed to stamp file and docket
               these waivers. However, the waiver that bears the deft's original

**Ocegueda Exhibit C6**

signature [88-1] shall control. (EOD 5/15/03) (cc: all counsel)
(as) (Entered: 05/15/2003)

05/20/2003 97 NOTICE: Arraignment (mandatory appearance) is set before
Magistrate Judge Knowles at 11:00 a.m. on 5/30/03 for deft Eric
Griffen (as) (Entered: 05/21/2003)

05/28/2003 99 ORDER by Judge William J. Haynes, Jr.: A plea hearing is
hereby set for 3:30 p.m. on 6/6/03 for deft Javier Zamora . (EOD
5/29/03) (cc: all counsel) (rls) (Entered: 05/29/2003)

05/30/2003 101 ORDER by Magistrate Judge E. C. Knowles: Arraignment is reset
for 10:00 a.m. on 6/13/03 for deft Eric Griffen . (EOD 6/2/03)
(cc: all counsel) (as) (Entered: 06/02/2003)

06/06/2003 102 CLERKS RESUME of hearing before Judge William J. Haynes, Jr.:
Deft Javier Zamora appeared with counsel Charles Cecil Starcher
for a plea hearing on 6/6/03 . Deft entered a plea of guilty to
Count 1 of the indictment. Plea agreement accepted and entered.
OCR Peggy Turner (rls) (Entered: 06/09/2003)

06/06/2003 104 NOTICE: The sentencing hearing is hereby set for 1:30 p.m. on
8/29/03 for deft Javier Zamora . (rls) (Entered: 06/09/2003)

06/09/2003 107 CLERKS RESUME of hearing before Magistrate Judge Juliet E.
Griffin: Initial appearance of deft Ferlandis Herod in this
district held 6/9/03. Deft appeared with appointed counsel
Kimberly Hodde . Deft arraigned; entered a plea of not guilty .
(Deft was arrested in Memphis, TN, on 5/1/03) (as) (Entered:
06/10/2003)

06/09/2003 109 ORDER by Magistrate Judge Juliet E. Griffin appointing
counsel for deft Ferlandis Herod . (cc: all counsel) (as)
(Entered: 06/10/2003)

06/12/2003 110 CJA Form 20 appointing Kimberly Hodde as counsel for deft
Ferlandis Herod. (as) (Entered: 06/13/2003)

06/20/2003 114 TRANSCRIPT of plea hearing on 6/6/03 as to deft Javier Zamora
filed by OCR Peggy Turner (as) (Entered: 06/23/2003)

06/25/2003 116 CLERKS RESUME of hearing before Magistrate Judge Juliet E.
Griffin: Initial appearance of deft Paulino Guizar in this
district held 6/25/03. Deft appeared with appointed counsel James
Price Jr. Deft was arrested in McAllen, Texas, on 5/27/03. Order
of detention entered in Texas remains in effect . Deft arraigned;
entered a plea of not guilty . Spanish Interpreter: Judith Kristy
(as) Modified on 06/27/2003 (Entered: 06/27/2003)

06/25/2003 118 ORDER by Magistrate Judge Juliet E. Griffin appointing
counsel for deft Paulino Guizar . (cc: all counsel) (as)
(Entered: 06/27/2003)

07/09/2003 120 CJA Form 20 (Appointment of Counsel) appointing James W.
Price, Jr. as counsel of record for deft paulino Guizar (rls)
(Entered: 07/09/2003)

07/11/2003 121 ORDER by Magistrate Judge Joe B. Brown: Report by USPO
regarding noncompliance by deft Phillip Pena-Santiago with
conditions of pretrial release (positive for marijuana use)
considered. No action, with continued random drug testing. Any
further positives will result in a warrant. (EOD 7/11/03) (cc:
all counsel) (as) (Entered: 07/11/2003)

07/11/2003 123 PRELIMINARY ORDER OF FORFEITURE by Judge William J. Haynes
Jr.: Upon motion by Govt for the issuance of a preliminary order
of forfeiture as to deft Javier Zamora [119-1], the Govt is
authorized to seize $9,500.00 in U.S. currency and to conduct
discovery in identifying, locating or disposing of subject
property. If no third party files a timely claim, this Order

**Ocegueda Exhibit C7**

shall become the Final Order of Forfeiture. (EOD 7/14/03) (cc: all counsel) (as) (Entered: 07/14/2003)

07/15/2003 124  ARREST Warrant issued 8/29/03 returned unexecuted as to deft Jose Fernando Moran Ocegueda. Replaced with warrant issued on the second superseding indictment. (as) (Entered: 07/15/2003)

07/15/2003 125  ORDER by Judge William J. Haynes Jr.: Motion by deft Ferlandis Herod to enlarge time for filing pretrial motions until 30 days prior to trial [122-1] is GRANTED. (EOd 7/16/03) (cc: all counsel) (as) (Entered: 07/16/2003)

07/24/2003  ARREST of deft Jose Fernando Moran Ocegueda on 7/24/03 in Los Angeles, California. (as) Modified on 08/05/2003 (Entered: 08/05/2003)

08/01/2003 131  RULE 40 Documents received from Central District of California at Los Angeles as to deft Jose Fernando Moran Ocegueda: Deft was arrested 7/24/03. Order of detention and Order of removal entered 7/25/03. (as) (Entered: 08/05/2003)

08/08/2003 132  ARREST Warrant returned executed as to deft Jose Fernando Moran Ocegueda. Deft was arrested in Los Angeles, California, on 7/24/03 (as) (Entered: 08/11/2003)

08/08/2003 133  CLERKS RESUME of hearing before Magistrate Judge E. C. Knowles: Initial appearance of deft Jose Fernando Moran Ocegueda in this district held 8/8/03. Deft appeared with appointed counsel Kathleen Morris . Deft was arrested in Los Angeles, California, on 7/24/03. Deft detained in district of arrest and is to remain detained . Deft arraigned; entered a plea of not guilty . Spanish interpreter present. (as) (Entered: 08/11/2003)

08/08/2003 134  CJA Form 23 (Financial Affidavit) as to deft Jose Fernando Moran Ocegueda (as) (Entered: 08/11/2003)

08/08/2003 135  ORDER by Magistrate Judge E. C. Knowles appointing counsel for deft Jose Fernando Moran Ocegueda . (cc: all counsel) (as) (Entered: 08/11/2003)

08/11/2003 136  ORDER by Judge William J. Haynes Jr.: Motion by James W. Price to withdraw as appointed counsel for deft Paulino Guizar [130-1] is GRANTED. (EOD 8/11/03) (cc: all counsel) (as) (Entered: 08/11/2003)

08/11/2003 137  SEALED EX PARTE MOTION by deft Jose Fernando Moran Ocegueda . (as) (Entered: 08/12/2003)

08/13/2003 138  SEALED ORDER by Judge William J. Haynes Jr.: Sealed Ex Parte Motion by deft Jose Fernando Moran Ocegueda [137-1] is GRANTED. (cc: Kathleen Morris) (as) (Entered: 08/14/2003)

08/14/2003 139  MARSHAL'S RETURN on Preliminary Order of Forfeiture [123-1] as to deft Javier Zamora: Notice of forfeiture ran in the City Paper on 7/18/03, 7/25/03 and 8/1/03. (as) (Entered: 08/15/2003)

08/19/2003 140  CJA Form 20 appointing Kathleen Morris as counsel for deft Jose Fernando Ocegueda. (as) (Entered: 08/20/2003)

08/22/2003 143  POSITION of the Govt regarding the presentence report as to deft Javier Zamora (rls) (Entered: 08/25/2003)

08/28/2003 144  ORDER by Judge William J. Haynes Jr.: Jury trial is set for 9:00 a.m. on 10/7/03 for defts Efren Lopez Benitez, Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Phillip Pena Santiago, Edgar Omar Garcia, Eric Griffen, Ferlandis Herod, and Paulino Guizar. Any proposed plea shall be submitted to the Court at 1:30p.m. on 10/6/03. A status conference is set for 1:30 p.m. on 9/29/03. Any motion requiring an evidentiary hearing will be filed by 5:00 p.m. on 9/19/03 and a hearing is set for 2:30 p.m. on 10/3/03 . (EOD 8/29/03) (cc: all counsel) (as) (Entered: 08/29/2003)

08/29/2003 146 RESPONSE by Govt to motion by deft Javier Zamora for downward departure [142-1] (as) (Entered: 08/29/2003)

09/10/2003 149 ORDER by Magistrate Judge Joe B. Brown: A hearing was held on 9/9/03 concerning deft Phillip Santiago's violations of pretrial release. Deft is released on the conditions previously imposed, with additional condition that deft participate in substance abuse and mental health counseling. (EOD 9/10/03) (cc: all counsel) (as) (Entered: 09/10/2003)

09/15/2003 152 FINAL ORDER OF FORFEITURE by Judge William J. Haynes, Jr.: Deft Javier Zamora is hereby ORDERED to forfeit $9,500 in US currency to the Govt. (EOD 9/15/03) (cc: all counsel) (rls) (Entered: 09/15/2003)

09/17/2003 158 ORDER by Judge William J. Haynes Jr.: Motion by deft Ferlandis Herod to enlarge the pretrial motion and plea deadlines [153-1] and to continue the trial date set for 10/7/03 [153-2] is GRANTED in the interest of justice to explore a plea agreement. (Jury trial to be reset for deft Efren Lopez Benitez, Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Phillip Pena Santiago, Edgar Omar Garcia, Eric Griffen, Ferlandis Herod and Paulino Guizar . (EOD 9/18/03) (cc: all counsel) (as) (Entered: 09/18/2003)

09/19/2003 165 MOTION by deft Jose Fernando Moran Ocegueda to enlarge time for filing pre-trial motions (rls) (Entered: 09/22/2003)

09/19/2003 166 MOTION by deft Jose Fernando Moran Ocegueda for a bill of particulars (rls) (Entered: 09/22/2003)

09/22/2003 167 ORDER by Judge William J. Haynes, Jr.: Motion by deft Paulino Guizar to join in motion by co-deft Herod to enlarge the pretrial motion and plea deadline and to continue the trial [153-1] [159-1] is GRANTED in the interests of justice. (EOD 9/22/03) (cc: all counsel) (rls) (Entered: 09/22/2003)

09/23/2003 168 ORDER by Judge William J. Haynes, Jr.: Motion by deft Eric Griffin to enlarge the pretrial motion and plea deadlines [162-1] and to continue the trial date [162-2] is GRANTED in the interests of justice to allow defense counsel to be fully prepared for trial. (EOD 9/24/03) (cc: all counsel) (rls) (Entered: 09/24/2003)

09/23/2003 169 ORDER by Judge William J. Haynes, Jr.: Motion by deft Jose Fernando Moran Ocegueda to enlarge time for pre-trial motions [165-1] is GRANTED. (EOD 9/24/03) (cc: all counsel) (rls) (Entered: 09/24/2003)

10/15/2003 170 RESPONSE by Govt to motion by deft Jose Fernando Moran Ocegueda for a bill of particulars [166-1] (rls) (Entered: 10/15/2003)

10/30/2003 175 ORDER by Judge William J. Haynes Jr.: Jury trial is reset for 9:00 a.m. on 1/27/04 for defts Efren Lopez Benitez, Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Phillip Pena Santiago, Edgar Omar Garcia, Eric Griffen, Ferlandis Herod and Paulino Guizar. Any proposed plea agreement shall be submitted to the Court at 1:30 p.m. on 1/26/04. A status conference is set for 1:30 p.m. on 1/16/04. Any motion requiring an evidentiary hearing will be filed by close of business on 1/9/04 and the hearing will be held at 2:30 p.m. on 1/23/04 . (EOD 10/30/03) (cc: all counsel) (as) Modified on 10/30/2003 (Entered: 10/30/2003)

11/12/2003 176 RESPONSE by Govt to motion by deft Ferlandis Herod to compel the production of co-defts' incriminatory statements [173-1] (as) (Entered: 11/12/2003)

## Ocegueda Exhibit C9

Case 3:09-cv-00132 Document 3 Filed 02/09/09 Page 12 of 42 PageID #: 90

11/20/2003 178  ORDER by Judge William J. Haynes, Jr.: Motion by deft Julio
            Barrientos to allow withdrawal of retained counsel, Diane Gurule
            Livingston [177-1] is GRANTED. The Federal Public Defender is
            requested to contact deft on his need for counsel. If deft wants
            to retain counsel he has 30 days from the date of this order.
            (EOD 11/21/03) (cc: all counsel) (rls) (Entered: 11/21/2003)
12/10/2003 179  TRANSCRIPT of Plea proceedings held on 6/6/03 filed by OCR
            Peggy G. Turner re Javier Zamora (pl) (Entered: 12/11/2003)
12/12/2003 181  SEALED ORDER by Judge William J. Haynes Jr.: Sealed Ex Parte
            Motion by deft Ferlandis Herod [180-1] is GRANTED. (EOD 12/12/03)
            (cc: Kimberly Hodde) (as) (Entered: 12/12/2003)
12/16/2003 182  SEALED EX PARTE MOTION by deft Jose Fernando Moran Ocegueda .
            (as) (Entered: 12/16/2003)
12/18/2003 183  ORDER by Judge William J. Haynes, Jr.: Ex parte motion by
            deft Jose Fernando Moran Ocegueda [182-1] filed UNDER SEAL is
            GRANTED. (EOD 12/18/03) (cc: all counsel) (rls) (Entered:
            12/18/2003)
12/19/2003     Short Record for Appeal [156-1] by deft Javier Zamora sent to
            6CCA. (cc: all counsel) (rls) (Entered: 12/19/2003)
01/08/2004 184  NOTICE: The status conference set for 1/16/04 as to defts
            Efren Lopez Benitez, et al. is continued. The parties have 10
            days to submit an agreed order with a new status conference date
            . (as) (Entered: 01/09/2004)
01/08/2004     APPEAL NUMBER received from 6CCA regarding Appeal by deft Javier
            Zamora [156-1]. Assigned Appeal Number: 03-6668; Patty Elder.
            (as) (Entered: 01/09/2004)
01/09/2004 190  MOTION by deft Fernando Moran Ocegueda to suppress
            photographic identification . (as) (Entered: 01/12/2004)
01/09/2004 191  MOTION by deft Jose Fernando Moran Ocegueda to join motion in
            limine by deft Ferlandis Herod to exclude evidence and/or
            testimony [188-1] and to sever from co-defts for trial [188-2] .
            (as) (Entered: 01/12/2004)
01/16/2004 196  MOTION by deft Jose Fernando Moran Ocegueda for pre-trial
            determination of admissibility of co-conspirators' statements
            (rls) (Entered: 01/20/2004)
01/16/2004 197  MEMORANDUM OF LAW by deft Jose Fernando Moran Ocegueda filed
            in support of motion [196-1] (rls) (Entered: 01/20/2004)
01/16/2004 198  MOTION by deft Jose Fernando Moran Ocegueda to require the
            Govt to disclose post-conspiracy statements of co-defts and any
            unindicted co-conspirators (rls) (Entered: 01/20/2004)
01/22/2004 206  AGREED ORDER by Judge William J. Haynes, Jr.: The status
            conference is hereby reset for 3:30 p.m. on 1/30/04 for defts
            Javier Zamora, et al. (EOD 1/23/04) (cc: all counsel) (rls)
            (Entered: 01/23/2004)
01/26/2004 208  ORDER by Judge William J. Haynes, Jr.: Motion by William D.
            Massey and Lorna S. McClusky, counsel for deft Eric Griffen, to
            be excused from the 1/30/04 status conference [207-1] is GRANTED.
            (EOD 1/26/04) (cc: all counsel) (rls) (Entered: 01/26/2004)
01/27/2004 211  MOTION by Govt for an extension of time to respond to
            pretrial motions filed by defts Jose Fernando Moran Ocegueda,
            Ferlandis Herod and Eric Griffin (rls) (Entered: 01/28/2004)
01/28/2004 212  ORDER by Judge William J. Haynes, Jr.: Motion by Govt for an
            extension of time to respond to pretrial filed by defts Jose
            Fernando Moran Ocegueda, Ferlandis and Eric Griffin [211-1] is
            GRANTED. (EOD 1/29/04) (cc: all counsel) (rls) (Entered:
            01/29/2004)

**Ocegueda Exhibit C10**

```
01/29/2004 215   ORDER by Judge William J. Haynes, Jr.: Motion by deft Paulino
                 Guizar to excuse attorney J.R. Flores from the 1/30/04 status
                 conference [213-1] is GRANTED. (EOD 1/29/04) (cc: all counsel)
                 (rls) (Entered: 01/29/2004)
01/29/2004 216   ORDER by Judge William J. Haynes, Jr.: Motion by deft Efren
                 Lopez Benitez to excuse out-of-town counsel, Joseph J. Jerkins
                 and Lesley S. Kranenberg from the 1/30/04 status conference [209-
                 1] is GRANTED. (EOD 1/30/04) (cc: all counsel) (rls) (Entered:
                 01/30/2004)
01/29/2004 217   ORDER by Judge William J. Haynes, Jr.: Motion by attorney
                 Peter J. Strianse to withdraw as counsel for deft Edgar Omar
                 Garcia [214-1] is GRANTED. (EOD 1/30/04) (cc: all counsel) (rls)
                 (Entered: 01/30/2004)
01/30/2004 219   CLERKS RESUME of hearing before Judge William J. Haynes, Jr.:
                 Defts Efren Lopez Benitez, et al. appeared with counsel for a
                 status conference on 1/30/04 . A suppression hearing is hereby
                 set for 9:30 a.m. on 2/13/04 as defts Efren Lopez Benitez, et
                 al. The jury trial will be reset at the end of the suppression
                 hearing. OCR Peggy Turner (rls) (Entered: 02/09/2004)
02/04/2004 218   CJA Form 20 appointing Cynthia C. Chappell as counsel for
                 deft Julio Barrientos (replacing retained counsel Diane
                 Livingston). (as) (Entered: 02/05/2004)
02/09/2004 220   RESPONSE by Govt to motion by deft Ferlandis Herod to
                 suppress photographic identification [185-1] (rls) (Entered:
                 02/10/2004)
02/09/2004 221   RESPONSE by Govt to motion in limine by deft Ferlandis Herod
                 to exclude evidence and/or testimony [188-1] and to sever from
                 co-defts for trial [188-2] (rls) (Entered: 02/10/2004)
02/09/2004 222   RESPONSE by Govt to motion by deft Jose Fernando Moran
                 Ocegueda in limine to exclude evidence and/or testimony and to
                 sever from co-defts for trial [191-1] (rls) (Entered: 02/10/2004)
02/09/2004 223   RESPONSE by Govt to motion by deft Jose Fernando Moran
                 Ocegueda to suppress photographic identification [190-1] (rls)
                 (Entered: 02/10/2004)
02/09/2004 224   RESPONSE by Govt to motion by deft Eric Griffen for severance
                 of defts [194-1] (rls) (Entered: 02/10/2004)
02/09/2004 225   RESPONSE by Govt to motion by deft Ferlandis Herod for a bill
                 of particulars [186-1] (rls) (Entered: 02/10/2004)
02/10/2004 226   RESPONSE by Govt to motion by deft Eric Griffin for change of
                 venue to the Western District of Tennessee [192-1] (as) (Entered:
                 02/11/2004)
02/10/2004 227   RESPONSE by Govt to request by deft Eric Griffen for Notice
                 under Federal Rules of Evidence 404(b) [195-1] and motion for 403
                 and 404 hearing [195-2] (as) (Entered: 02/11/2004)
02/10/2004 228   RESPONSE by Govt to motion by deft Jose Fernando Moran
                 Ocegueda for pre-trial determination of admissibility of co-
                 conspirators' statements [196-1] (as) (Entered: 02/11/2004)
02/10/2004 229   RESPONSE by Govt to motion by deft Ferlandis Herod to dismiss
                 Count One of the second superseding indictment [199-1] (as)
                 (Entered: 02/11/2004)
02/10/2004 230   RESPONSE by Govt to motion in limine by deft Ferlandis Herod
                 ("other crimes, wrongs or acts") [202-1] (as) (Entered:
                 02/11/2004)
02/10/2004 231   RESPONSE by Govt to motion in limine by deft Ferlandis Herod
                 (Statements of Co-conspirators) [204-1] (as) (Entered:
                 02/11/2004)
```

## Ocegueda Exhibit C11

```
02/11/2004 232  RESPONSE by Govt to motion by deft Eric Griffen for Brady
                materials [193-1], for an order directing the Govt to disclose
                conspiracy and post-conspiracy statements of co-defts and/or
                unindicted co-conspirators [193-2] and for pretrial evidentiary
                hearing to determine admissibility pursuant to Rule 801 [193-3]
                (as) (Entered: 02/11/2004)
02/11/2004 233  RESPONSE by Govt to motion by deft Jose Fernando Moran
                Oceguena to require the Govt to disclose post-conspiracy
                statements of co-defts and any unindicted co-conspirators [198-1]
                (as) (Entered: 02/11/2004)
02/13/2004 234  ORDER by Judge William J. Haynes, Jr.: Motion by deft Eric
                Griffin for change of venue to the Western District of Tennessee
                [192-1] is DENIED. (EOD 2/17/04) (cc: all counsel) (rls)
                (Entered: 02/17/2004)
02/13/2004 235  ORDER by Judge William J. Haynes, Jr.: Motion in limine by
                deft Ferlandis Herod (Statements of Co-conspirators) [204-1] is
                DENIED. (EOD 2/17/04) (cc: all counsel) (rls) (Entered:
                02/17/2004)
02/13/2004 236  ORDER by Judge William J. Haynes, Jr.: Motion by deft Jose
                Fernando Moran Oceguena for pre-trial determination of
                admissibility of co-conspirators' statements [196-1] is DENIED.
                (EOD 2/17/04) (cc: all counsel) (rls) (Entered: 02/17/2004)
02/13/2004 237  ORDER by Judge William J. Haynes, Jr.: Motion by deft Jose
                Fernando Moran Oceguena to require the Govt to post-conspiracy
                statements of co-defts and any unindicted co-conspirators [198-1]
                is DENIED. (EOD 2/17/04) (cc: all counsel) (rls) (Entered:
                02/17/2004)
02/13/2004 238  ORDER by Judge William J. Haynes, Jr.: Motion in limine by
                deft Ferlandis Herod ("other crimes, wrongs or acts") [202-1] is
                hereby DENIED AS MOOT based on the Govt's response. (EOD
                2/17/043) (cc: all counsel) (rls) (Entered: 02/17/2004)
02/13/2004 242  CLERKS RESUME of hearing before Judge William J. Haynes, Jr.:
                Defts Javier Zamora, et al. appeared with counsel Kathleen
                Morris, Kim Hodde, Robert Marlow, Cindy Chappel, Cindy Fort and
                Jay Morton for a suppression hearing on 2/13/04. The parties
                shall have 1 week to file objections to findings of facts. The
                jury trial is hereby reset for 9:00 a.m. on 5/25/04 for defts
                Javier Zamora, et al . Two weeks for severance issue. OCR Jim
                Spence (rls) (Entered: 03/01/2004)
02/17/2004 239  TRANSCRIPT of 2/13/04 evidentiary hearing as to defts Javier
                Zamora, et al. filed by OCR James A. Spence (rls) (Entered:
                02/17/2004)
02/20/2004 241  PROPOSED Findings of Fact and Conclusions of Law filed by
                deft Jose Fernando Moran Oceguena in support of order suppressing
                photographic identification [190-1] (as) (Entered: 02/23/2004)
03/01/2004 243  PROPOSED Findings of Fact and Conclusion of Law filed by Govt
                in opposition to motion by deft Jose Oceguena to suppress
                photographic identification [190-1] (as) (Entered: 03/02/2004)
03/01/2004 244  PROPOSED Findings of Fact and Conclusions of Law filed by
                Govt in opposition to motion by deft Ferlandis Herod to suppress
                photographic identification [185-1] (as) (Entered: 03/02/2004)
03/05/2004 246  ORDER by Judge William J. Haynes, Jr.: Letter from deft
                Javier Zamora [245-1] shall be placed UNDER SEAL. (EOD 3/5/04)
                (cc: all counsel) (rls) (Entered: 03/05/2004)
03/29/2004 248  LETTER to attorney Calixtro Villarreal regarding pro hoc vice
                fee (pl) (Entered: 03/29/2004)
```

# Ocegueda Exhibit C12

05/10/2004  250  AGREED ORDER by Judge William J. Haynes Jr.: A plea hearing
                 is set for 10:00 a.m. on 5/17/04 for deft Efren Lopez Benitez .
                 (EOD 5/11/04) (cc: all counsel) (as) (Entered: 05/11/2004)
05/11/2004  251  ORDER by Judge William J. Haynes Jr: Motion by deft Javier
                 Zamora, pro se, for appointment of counsel on appeal [164-1] is
                 DENIED as moot due to Notice of Appearance [172-1]. (EOD 5/12/04)
                 (cc: all counsel) (as) (Entered: 05/12/2004)
05/12/2004  252  ORDER by Judge William J. Haynes Jr.: Motion by Govt for
                 judgment on forfeiture of bond as to deft Edgar Omar Garcia [66-
                 1] is GRANTED. The Govt is awarded judgment in the sum of
                 $100,000 plus interest [14-1]. (EOD 5/14/04) (cc: all counsel)
                 (as) (Entered: 05/14/2004)
05/17/2004  253  ORDER by Judge William J. Haynes Jr.: Motion by deft
                 Ferlandis Herod to compel the production of co-defts'
                 incriminatory statements [173-1] is DENIED as to statements of
                 witnesses. (EOD 5/18/04) (cc: all counsel) (kb) (Entered:
                 05/18/2004)
05/17/2004  254  ORDER by Judge William J. Haynes Jr.: Motion in limine by
                 deft Ferlandis Herod to exclude evidence and/or testimony [188-1]
                 and motion to sever from co-defts for trial [188-2] are DENIED,
                 based upon the govt's response and the conditions set forth
                 therein, for the introduction of any statement by Philip
                 Santiago. (EOD 5/18/04) (cc: all counsel) (kb) (Entered:
                 05/18/2004)
05/17/2004  255  ORDER by Judge William J. Haynes Jr.: Motion by deft Jose
                 Fernando Moran Ocegueda to join motion in limine by deft
                 Ferlandis Herod to exclude evidence and/or testimony [188-1] is
                 DENIED for the reasons in companion Order, and to sever from co-
                 defts for trial [188-2] [191-1] is DENIED without prejudice for
                 failure to identify its basis. (EOD 5/18/04) (cc: all counsel)
                 (kb) (Entered: 05/18/2004)
05/17/2004  256  ORDER by Judge William J. Haynes Jr.: Motion by deft Eric
                 Griffen for Brady materials [193-1] is DENIED, motion for an
                 order directing the Govt to disclose conspiracy and post-
                 conspiracy statements of co-defts and/or unindicted co-
                 conspirators [193-2] is DENIED as to requests for statements, and
                 the motion for pretrial evidentiary hearing to determine
                 admissibility pursuant to Rule 801 [193-3] is DENIED and the
                 issue of the requisite proof for a conspiracy will be determined
                 at trial. (EOD 5/18/04) (cc: all counsel) (kb) (Entered:
                 05/18/2004)
05/17/2004  257  ORDER by Judge William J. Haynes Jr.: Motion by deft Eric
                 Griffen for severance of defts [194-1] is DENIED. There is not
                 any showing of "mutually antagonistic" or "irreconcilable
                 defenses." The Court will give instructions at trial that the
                 jury must evaluate the proof as to each defendant. (EOD 5/18/04)
                 (cc: all counsel) (kb) (Entered: 05/18/2004)
05/17/2004  258  ORDER by Judge William J. Haynes Jr.: Motion by deft Eric
                 Griffen for Notice under Federal Rules of Evidence 404(b) [195-1]
                 is DENIED based upon the Govt's response, and the motion for 403
                 and 404 hearing [195-2] is DENIED. If the Govt does not comply
                 with Local Rule 10(a)(2)h, any evidence falling under this Rule,
                 will be excluded. (EOD 5/18/04) (cc: all counsel) (kb) (Entered:
                 05/18/2004)
05/17/2004  259  ORDER by Judge William J. Haynes Jr.: Motion by deft
                 Ferlandis Herod to dismiss Count One of the second superseding
                 indictment [199-1] is DENIED in that Count One charges only a

**Ocegueda Exhibit C13**

conspiracy. This issue can be addressed in the jury instructions. (EOD 5/18/04) (cc: all counsel) (kb) (Entered: 05/18/2004)

05/17/2004 261 MOTION in limine No. 1 by deft Jose Fernando Moran Ocegueda to prohibit introduction of other crimes, wrongs or acts . (as) (Entered: 05/18/2004)

05/17/2004 262 MOTION in limine No. 2 by deft Jose Fernando Moran Ocegueda to prohibit introduction of evidence which may be construed as threatening . (as) (Entered: 05/18/2004)

05/17/2004 263 MOTION in limine No. 3 by deft Jose Fernando Moran Ocegueda to prohibit introduction of any evidence re: prior convictions . (as) (Entered: 05/18/2004)

05/17/2004 264 MOTION in limine No. 4 by deft Jose Fernando Moran Oceguedato prohibit the Govt for using telepone records . (as) (Entered: 05/18/2004)

05/17/2004 265 CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Deft Efren Lopez Benitez appeared with counsel for plea hearing on 5/17/04 . Plea agreement accepted. Sentencing set for 8/13/04 at 3:00 p.m. (as) (Entered: 05/18/2004)

05/17/2004 267 NOTICE: Sentencing hearing is set for 3:00 p.m. on 8/13/04 for deft Efren Lopez Benitez (as) (Entered: 05/18/2004)

05/19/2004 268 JOINT MOTION in limine No. 1 (telephone records and summary evidence )by defts Julio Barrientos, Jose Ocegueda, Eric Griffen, Ferlandis Herod and Paulino Guizar . (as) (Entered: 05/20/2004)

05/19/2004 269 MEMORANDUM by defts Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Eric Griffen, Ferlandis Herod and Paulino Guizar in support of Motion in Limine No. 1 [268-1] (as) (Entered: 05/20/2004)

05/20/2004 272 ORDER by Judge William J. Haynes Jr.: Motion by deft Julio Augustin Solis Barrientos for expert services [260-1] is GRANTED. (EOD 5/21/04) (cc: all counsel) (kb) (Entered: 05/21/2004)

05/20/2004 273 MOTION in limine No. 5 by deft Jose Ocegueda to prohibit evidence re: allegations of prior drug transactions . (as) (Entered: 05/21/2004)

05/21/2004 274 MEMORANDUM OF THE COURT re: Motions 166, 186, 185 and 190. (EOD 5/21/04) (cc: all counsel) (as) (Entered: 05/21/2004)

05/21/2004 275 ORDER by Judge William J. Haynes Jr.: In accordance with the Memorandum filed herewith [274-1], the motion by deft Jose Fernando Moran Ocegueda for a bill of particulars [166-1] and motion by deft Ferlandis Herod for a bill of particulars [186-1] are DENIED. The motion by deft Ferlandis Herod to suppress photographic identification [185-1] and motion by deft Jose Fernando Moran Ocegueda to suppress photographic identification [190-1] are also DENIED. (EOD 5/21/04) (cc: all counsel) (as) (Entered: 05/21/2004)

05/21/2004 276 CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Defts Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Phillip Pena Santiago, Edgar Omar Garcia, Ferlandis Herod and Paulino Guizar appeared with counsel for status conference on 5/21/04. The 5/25/04 trial is reset for 6/15/04, with hearing to be held on 6/10/04 at 3:00 p.m. OCR Martha Denton (as) (Entered: 05/25/2004)

05/21/2004 277 CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Deft Eric Griffin appeared with counsel Robert Marlow and William Massey for plea hearing on 5/21/04 . Deft entered a plea of guilty to Count One. Plea agreement accepted. Sentencing set for 8/16/04 at 3:00 p.m. OCR Martha Denton (as) (Entered: 05/25/2004)

**Ocegueda Exhibit C14**

05/21/2004 279 NOTICE: Sentencing hearing is set for 3:00 p.m. on 8/16/04 for deft Eric Griffen (as) (Entered: 05/25/2004)

05/27/2004 280 THIRD SUPERSEDING INDICTMENT filed by Govt against defts Guillermo Garcia Alvarez (Count 1sss), Julio Augustin Solis Barrientos (Count 1sss), Jose Fernando Moran Ocegueda (Counts 1sss), Phillip Pena Santiago (Counts 1sss), Edgar Omar Garcia (Counts 1ss, 3ss), Ferlandis Herod (Counts 1s, 2s), Paulino Guizar (Counts 1s, 2s) and adding deft Terrance Moore (Count 1) (as) (Entered: 05/28/2004)

05/28/2004 281 RESPONSE by Govt to motion in limine No. 1 (telephone records and summary evidence )by defts Julio Barrientos, Jose Ocegueda, Eric Griffen, Ferlandis Herod and Paulino Guizar [268-1] (pl) (Entered: 05/28/2004)

06/02/2004 282 NOTICE by Govt that the charts it intends to introduce into evidence during the trial and are the subject of the joint motion in limine no. 1, have been submitted to the Court in chambers, marked as exhibits 1-6. (pl) (Entered: 06/02/2004)

06/03/2004 283 RESPONSE by Govt to motion in limine No. 1 by deft Jose Fernando Moran Ocegueda to prohibit introduction of other crimes, wrongs or acts [261-1] (kb) (Entered: 06/03/2004)

06/03/2004 284 RESPONSE by Govt to motion in limine No. 2 by deft Jose Fernando Moran Ocegueda to prohibit introduction of evidence which may be construed as threatening [262-1] (kb) (Entered: 06/03/2004)

06/03/2004 285 RESPONSE by Govt to motion in limine No. 3 by deft Jose Fernando Moran Ocegueda to prohibit introduction of any evidence re: prior convictions [263-1] (kb) (Entered: 06/03/2004)

06/03/2004 286 RESPONSE by Govt to motion in limine No. 4 by deft Jose Fernando Moran Oceguedato prohibit the Govt for using telepone records [264-1] (kb) (Entered: 06/03/2004)

06/03/2004 287 RESPONSE by Govt to motion in limine No. 5 by deft Jose Ocegueda to prohibit evidence re: allegations of prior drug transactions [273-1] (kb) (Entered: 06/03/2004)

06/03/2004 288 NOTICE of hearing before Magistrate Griffin: Arraignment on third superseding indictment is set for 12:30 p.m. on 6/11/04 for defts Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos, Jose Fernando Moran Ocegueda, Phillip Pena Santiago, Ferlandis Herod, Paulino Guizar, and Terrance Moore (pl) (Entered: 06/04/2004)

06/08/2004 292 OBJECTIONS by deft Jose Fernando Moran Ocegueda to Govt's summary charts submitted under Rule 1006 of the Federal Rules of Evidence [282-1] and adopts and incorporates herein the replies and objections filed by co-defts regarding joint motion in Limini #1. (kb) (Entered: 06/08/2004)

06/10/2004 295 RESPONSE by Govt to motion in limine #1 by deft Julio Barrientos to exclude evidence of other crimes, wrong or acts pursuant to Rule 404(b) [270-1] (pl) (Entered: 06/10/2004)

06/10/2004 296 SEALED MOTION by Govt (kb) Modified on 07/09/2004 (Entered: 06/11/2004)

06/10/2004 299 WAIVER by deft Jose Fernando Moran Ocegueda of personal appearance at arraignment on the third superseding indictment and entry of a plea of not guilty effective 6/11/04. (as) (Entered: 06/16/2004)

06/14/2004 297 TRANSCRIPT of detention hearing as to deft Guillermo Garcia Alvarez and deft Julio Augustin Solis Barrientos on 7/23/02 filed by OCR Cindi Kellam (kb) (Entered: 06/15/2004)

## Ocegueda Exhibit C15

07/08/2004 308 ORDER by Judge William J. Haynes Jr.: SEALED Motion by Govt
[296-1] is set for hearing at 10:00 a.m. on 7/19/04 for deft
Julio Augustin Solis Barrientos, for deft Jose Fernando Moran
Ocegueda, for deft Ferlandis Herod, for deft Paulino Guizar, for
deft Terrance Moore. Therefore the trial is continued in the
interest of justice as to deft Efren Lopez Benitez, deft
Guillermo Garcia Alvarez, deft Julio Augustin Solis Barrientos,
deft Jose Fernando Moran Ocegueda, deft Phillip Pena Santiago,
deft Edgar Omar Garcia, deft Eric Griffen, deft Ferlandis Herod,
deft Paulino Guizar, deft Terrance Moore. The trial will be reset
at the conclusion of the motion hearing . (EOD 7/9/04) (cc: all
counsel) (kb) (Entered: 07/09/2004)

07/19/2004 309 CLERKS RESUME of hearing before Judge William J. Haynes Jr.
Defts Terrance Moore, Paulino Guizar, Julio Barrientos, Fernandis
Herod and Jose Fernando appeared with counsel for hearing on
Govt's SEALED Motion. Taking under advisement the SEALED motion
by Govt [296-1]. Trial will be reset after motion has been ruled.
OCR Peggy Turner (kb) (Entered: 07/20/2004)

07/20/2004 312 ORDER by Judge William J. Haynes Jr.: Motion by deft Eric
Griffen and Govt to continue sentencing hearing set for 8/16/04
[310-1] is GRANTED. Sentencing hearing continued with no date set
for deft Eric Griffen (EOD 7/20/04) (cc: all counsel) (kb)
Modified on 06/08/2005 (Entered: 07/20/2004)

07/23/2004 315 ORDER by Judge William J. Haynes Jr.: Motion by deft Efren
Lopez Benitez to continue sentencing hearing and continue the
deadline for filing sentencing positions [313-1] is GRANTED. The
sentencing will be reset by separate Order. (EOD 7/26/04) (cc:
all counsel) (kb) (Entered: 07/26/2004)

07/28/2004 316 SENTENCING POSITION by Govt re: sentencing factors as to deft
Efren Lopez-Benitez (kb) (Entered: 07/29/2004)

07/28/2004 317 SENTENCING POSITION by Govt re: sentencing factors as to deft
Eric Griffin (kb) (Entered: 07/29/2004)

07/28/2004 318 FOURTH SUPERSEDING INDICTMENT filed by Govt against defts
Guillermo Garcia Alvarez (Counts 1ssss), Julio Augustin Solis
Barrientos (Count 1ssss), Jose Fernando Moran Ocegueda (Count
1ssss), Phillip Pena Santiago (Counts 1ssss, 2ssss), Edgar Omar
Garcia (Counts 1sss, 2sss, 3sss), Ferlandis Herod (Counts 1ss,
2ss), Paulino Guizar (Counts 1ss, 2ss) and Terrance Moore (Counts
1s, 2s), with sentencing allegations as to defts Ocegueda,
Santiago, Garcia, Moore, Herod and Guizar. (as) (Entered:
07/29/2004)

07/30/2004 325 ORDER by Judge William J. Haynes Jr.: Change of plea hearing
is set for 3:00 p.m. on 8/13/04 for deft Guillermo Garcia Alvarez
(cc: all counsel) (kb) (Entered: 08/02/2004)

07/30/2004 326 ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
Moore to join and adopt co-defts previous defense motions [319-1]
is GRANTED. (EOD 8/2/04) (cc: all counsel) (kb) (Entered:
08/02/2004)

08/04/2004 327 ORDER by Magistrate Judge Juliet E. Griffin: Petition by USPO
regarding noncompliance as to deft Terrance Moore requires NO
ACTION AT THIS TIME. (EOD 8/4/04) (cc: all counsel) (pl)
(Entered: 08/04/2004)

08/04/2004 328 NOTICE of hearing: Arraignment is set for 12:00 noon on
8/11/04 on superseding indictment for defts Jose Fernando Moran
Ocegueda and Paulino Guizar . (kb) Modified on 08/04/2004
(Entered: 08/04/2004)

**Ocegueda Exhibit C16**

Case 3:09-cv-00132   Document 3   Filed 02/09/09   Page 19 of 42 PageID #: 97

08/04/2004 329 NOTICE of hearing: Arraignment on superseding indictment is
set for 12:00 noon on 8/11/04 for defts Phillip Pena Santiago and
Ferlandis Herod (kb) (Entered: 08/04/2004)

08/04/2004 330 SEALED ORDER by Judge William J. Haynes Jr.: Motion by deft
Julio Solis Barrientos [293-1] is GRANTED. (EOD 8/5/04) (cc: all
counsel) (kb) (Entered: 08/05/2004)

08/04/2004 331 NOTICE: Arraignment on the superseding indictment is set
before Magistrate Judge Griffin at 12:00 p.m. on 8/13/04 for
defts Guillermo Garcia Alvarez, Julio Augustin Solis Barrientos
and Terrance Moore (as) (Entered: 08/05/2004)

08/11/2004 335 CLERKS RESUME of hearing before Magistrate Judge Juliet E.
Griffin: Spanish interpreter, Heather Hays, present. Deft Jose
Fernando Moran Ocegueda appeared with appointed counsel, Kathleen
Morris, and was arraigned on Fourth Superseding Indictment. Deft
entered a not guilty plea . (kb) (Entered: 08/16/2004)

08/13/2004 341 CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
Deft Guillermo Garcia Alvarez appeared with counsel, William
Bruce for change of plea hearing on 8/13/04 . Deft entered a plea
of guilty to Count 1 of Fourth Superseding indictment. Sentencing
set for 3:00 p.m. on 11/1/04. OCR Peggy Turner (kb) (Entered:
08/17/2004)

08/13/2004 343 NOTICE of hearing: Sentencing hearing is set for 3:00 p.m. on
11/1/04 for deft Guillermo Garcia Alvarez (kb) (Entered:
08/17/2004)

08/16/2004 340 ORDER by Judge William J. Haynes Jr.: Motion by Govt to
extend time to file responses to pretrial motions as to deft
Terrance Moore [332-1] is GRANTED. (EOD 8/16/04) (cc: all
counsel) (kb) (Entered: 08/16/2004)

08/26/2004 344 RESPONSE by Govt to motion by deft Terrance Moore to suppress
suggestive pretrial identification [322-1] (as) (Entered:
08/27/2004)

08/26/2004 345 RESPONSE by Govt to motion by deft Terrance Moore to dismiss
the indictment due to pre-accusatory delay, or in the
alternative, under Rule 48(b) of the Federal Rules of Criminal
Procedure [320-1] (as) (Entered: 08/27/2004)

09/08/2004 346 ORDER by Magistrate Judge Joe B. Brown: Petition by Pretrial
services for action on conditions of pretrial release is
considered and ORDERED to continue to follow him and report
additional absences. (EOD 9/8/04) (cc: all counsel) (kb)
(Entered: 09/08/2004)

10/12/2004 347 POSITION of the Govt with respect to sentencing factors for
deft Guillermo Garcia Alvarez. (as) (Entered: 10/12/2004)

10/25/2004 349 ORDER by Judge William J. Haynes Jr.: Motion by deft
Guillermo to continue sentencing set for 11/1/04 [348-1]
Sentencing hearing is continued but date not set for Guillermo
Garcia Alvarez . (EOD 10/26/04) (cc: all counsel) (kb) (Entered:
10/26/2004)

10/28/2004 350 SEALED EX PARTE MOTION by deft Jose Fernando Moran Ocegueda
(kb) (Entered: 10/29/2004)

10/28/2004 351 SEALED EX PARTE MOTION by deft Jose Fernando Moran Ocegueda
(kb) (Entered: 10/29/2004)

10/29/2004 352 SEALED ORDER by Judge William J. Haynes Jr.: SEALED motion by
deft Jose Fernando Moran Ocegueda [351-1] is GRANTED. (EOD
10/29/04) (cc: all counsel) (kb) (Entered: 10/29/2004)

10/29/2004 353 SEALED ORDER by Judge William J. Haynes Jr.: SEALED motion by
deft Jose Fernando Moran Ocegueda [350-1] is GRANTED. (EOD
10/29/04) (cc: all counsel) (kb) (Entered: 10/29/2004)

## Ocegueda Exhibit C17

11/10/2004 354   ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
                 Moore to dismiss the indictment due to pre-accusatory delay, or
                 in the alternative, under Rule 48(b) of the Federal Rules of
                 Criminal Procedure [320-1] is DENIED. The deft has not shown any
                 prejudice due to the cited delay and the delay is not lengthy or
                 oppressive. The deft has not shown intentional delay. (EOD
                 11/10/04) (cc: all counsel) (kb) (Entered: 11/10/2004)
11/10/2004 355   ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
                 Moore for leave to file additional motions [324-1] is GRANTED.
                 The deadline for filing motions and pretrial preparation will be
                 set at a status conference to be set by separate order. (EOD
                 11/10/04) (cc: all counsel) (kb) Modified on 11/10/2004 (Entered:
                 11/10/2004)
11/10/2004 356   ORDER by Judge William J. Haynes Jr.: Motion in limine No. 1
                 by deft Jose Fernando Moran Ocegueda to prohibit introduction of
                 other crimes, wrongs or acts [261-1] is DENIED as the evidence
                 cited relates to the offenses charged and is not evidence of
                 other crimes. (EOD 11/10/04) (cc: all counsel) (kb) (Entered:
                 11/10/2004)
11/10/2004 357   ORDER by Judge William J. Haynes Jr.: Motion in limine #1 by
                 deft Julio Barrientos to exclude evidence of other crimes, wrong
                 or acts pursuant to Rule 404(b) [270-1] is DENIED, for the
                 reasons stated in the entry or (DE No. 261). (EOD 11/10/04) (cc:
                 all counsel) (kb) (Entered: 11/10/2004)
11/10/2004 358   ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
                 Moore to suppress suggestive pretrial identification [322-1] is
                 set for hearing at 10:00 a.m on 11/29/04, to be held immediately
                 after the status conference to be held that day. (EOD 11/10/04)
                 (cc: all counsel) (kb) Modified on 11/16/2004 (Entered:
                 11/10/2004)
11/10/2004 359   SEALED ORDER by Judge William J. Haynes Jr.: SEALED motion by
                 Govt [296-1] is GRANTED. (EOD 11/10/04 (cc: all counsel) (kb)
                 (Entered: 11/10/2004)
11/10/2004 361   ORDER by Judge William J. Haynes Jr.: Motion in limine No. 2
                 by deft Jose Fernando Moran Ocegueda to prohibit introduction of
                 evidence which may be construed as threatening [262-1] is DENIED
                 as the cited statements may be proof of statements related to or
                 in furtherance of the conspiracy. (EOD 11/12/04) (cc: all
                 counsel) (kb) (Entered: 11/12/2004)
11/10/2004 362   ORDER by Judge William J. Haynes Jr.: Motion in limine No. 3
                 by deft Jose Fernando Moran Ocegueda to prohibit introduction of
                 any evidence re: prior convictions [263-1] is DENIED. This is no
                 proof that this conviction is more than 10 years old. (EOD
                 11/12/04) (cc: all counsel) (kb) (Entered: 11/12/2004)
11/10/2004 363   ORDER by Judge William J. Haynes Jr.: Motion in limine No. 5
                 by deft Jose Ocegueda to prohibit evidence re: allegations of
                 prior drug transactions [273-1] is DENIED as the cited evidence
                 appears to relate to the conspiracy charged or is evidence of
                 prior drug dealings. (EOD 11/12/04) (cc: all counsel) (kb)
                 (Entered: 11/12/2004)
11/10/2004 364   ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
                 Moore to join motion in limine No. 1 (telephone records and
                 summary evidence) filed by defts Julio Barrientos, Jose Ocegueda,
                 Eric Griffen, Ferlandis Herod, and Paulino Guizar [268-1] [294-
                 1], motion to continue hearing set for 6/10/04 [294-2], motion to
                 continue trial set for 6/15/04 [294-3] are DENIED as moot. (EOD
                 11/12/04) (cc: all counsel) (kb) (Entered: 11/12/2004)

**Ocegueda Exhibit C18**

11/29/2004 368  CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
                Defts Julio Augustin Solis Barrientos, Jose Fernando Moran
                Ocegueda, Phillip Pena Santiago, Edgar Omar Garcia, Ferlandis
                Herod, Paulino Guizar and Terrance Moore appeared with counsel
                for status conference on 11/29/04. Jury trial is reset for
                1/11/05 at 9:00 a.m. Any plea petitions to be submitted by
                12/16/04 by 12:00. Any plea will be heard at 1:30 p.m. Motion by
                deft Terrance Moore to suppress suggestive pretrial
                identification [322-1] denied. OCR Peggy Turner (as) (Entered:
                12/01/2004)
11/30/2004 366  ORDER by Judge William J. Haynes Jr.: Attached to this Order
                are documents sent to the Court that appear to relate to this
                action and such documents shall be filed by the Clerk as part of
                the record in this action. (EOD 11/30/04) (cc: all counsel) (kb)
                (Entered: 11/30/2004)
11/30/2004 367  DOCUMENT mailed to Judge Haynes on 11/23/04 from Kalamazoo
                County Sheriff's Dept, Central Records, 1500 Lamont Street,
                Kalamazoo. MI 49048 consisting of certified copies in 7 stapled
                groups of documents relating to criminal record of deft Jose
                Antonio Osegueda. (kb) (Entered: 11/30/2004)
12/01/2004 369  ORDER by Judge William J. Haynes Jr.: For reasons state at
                the evidentiary hearing, the motion by deft Terrance Moore to
                suppress suggestive pretrial identification [322-1] is DENIED.
                (EOD 12/1/04) (cc: all counsel) (as) (Entered: 12/01/2004)
12/02/2004 370  ORDER by Judge William J. Haynes Jr.: Upon further review,
                the Order [366-1] is MODIFIED to reflect that these documents
                shall remain Under Seal pending Under Order of the Court. (EOD
                12/2/04) (cc: all counsel) (kb) (Entered: 12/02/2004)
12/03/2004 371  MEMORANDUM OF THE COURT (cc: all counsel) (kb) (Entered:
                12/06/2004)
12/03/2004 372  ORDER by Judge William J. Haynes Jr.: Motion in limine No. 1
                (telephone records and summary evidence )by defts Julio
                Barrientos, Jose Ocegueda, Eric Griffen, Ferlandis Herod and
                Paulino Guizar [268-1], and motion in limine No. 4 by deft Jose
                Fernando Moran Oceguedato prohibit the Govt for using telepone
                records [264-1] are GRANTED in accordance with the Memorandum of
                the Court filed herewith [371-1]. (EOD 12/6/04) (cc: all counsel)
                (kb) (Entered: 12/06/2004)
12/20/2004 373  SEALED RETURN of Criminal Subpoena by deft Jose Fernando
                Moran Ocegueda (kb) (Entered: 12/20/2004)
12/21/2004 374  ORDER by Magistrate Judge Joe B. Brown: Petition by USPO for
                action on noncompliance with conditions of pretrial release as to
                deft Phillip Pena-Santiage is considered and ORDERED that a
                warrant issue. (EOD 12/22/04) (cc: all counsel) (kb) (Entered:
                12/22/2004)
12/27/2004 375  INFORMATION by Govt filed pursuant to 21 USC 851 resulting in
                sentence enhancement as to deft Ferlandis Herod. (pl) (Entered:
                12/28/2004)
01/03/2005 382  SEALED ORDER by Judge William J. Haynes Jr.: Sealed Ex Parte
                Motion motion by Govt as to defts Julio Augustin Solis
                Barrientos, et al. [379-1] is GRANTED. (EOD 1/4/05) (cc: counsel)
                (as) (Entered: 01/04/2005)
01/03/2005 383  SEALED ORDER by Judge William J. Haynes Jr.: Sealed Ex Parte
                Motion by deft Julio Augustin Solis Barrientos [376-1] is
                GRANTED. (EOD 1/4/05) (cc: counsel) (as) (Entered: 01/04/2005)

## Osegueda Exhibit C19

01/04/2005 384  SEALED ORDER by Judge William J. Haynes Jr.: Sealed Ex Parte
               Motion by deft Julio Augustin Solis Barrientos [377-1] is
               GRANTED. (EOD 1/4/05) (cc: counsel) (as) (Entered: 01/04/2005)
01/05/2005 386  TRANSCRIPT of status conference on 11/29/04 filed by OCR
               Peggy Turner (kb) (Entered: 01/06/2005)
01/11/2005 387  JOINT MOTION by defts Julio Barrientos, Jose Ocegueda,
               Ferlandis Herod, Paulino Guizar and Terrence Moore to sequester
               witnesses . (as) (Entered: 01/11/2005)
01/11/2005 388  MOTION and Memorandum by deft Jose Ocegueda to strike aliases
               from indictment . (as) (Entered: 01/11/2005)
01/11/2005 389  MOTION and Memorandum by deft Jose Ocegueda to strike
               surplusage from fourth superseding indictment . (as) (Entered:
               01/11/2005)
01/11/2005 390  MOTION in limine No. 6 by deft Jose Ocegueda to prohibit the
               Govt from using the term "alias" . (as) (Entered: 01/11/2005)
01/11/2005 391  RESPONSE by Govt to motion by deft Jose Ocegueda to strike
               surplusage from fourth superseding indictment [389-1] (as)
               (Entered: 01/11/2005)
01/11/2005 400  ORDER by Judge William J. Haynes Jr.: Joint motion by defts
               Julio Barrientos, Jose Ocegueda, Ferlandis Herod, Paulino Guizar
               and Terrence Moore to sequester witnesses [387-1] GRANTED. (EOD
               1/12/05) (cc: all counsel) (pl) (Entered: 01/12/2005)
01/11/2005 401  ORDER by Judge William J. Haynes Jr.: Motion by deft Jose
               Ocegueda to strike surplusage from fourth superseding indictment
               [389-1] GRANTED for reasons stated in open court. (EOD 1/12/05)
               (cc: all counsel) (pl) (Entered: 01/12/2005)
01/11/2005 402  ORDER by Judge William J. Haynes Jr.: Motion by deft Jose
               Ocegueda to strike aliases from indictment [388-1] DENIED AS
               MOOT. (EOD 1/12/05) (cc: all counsel) (pl) (Entered: 01/12/2005)
01/11/2005 403  ORDER by Judge William J. Haynes Jr.: Motion in limine No. 6
               by deft Jose Ocegueda to prohibit the Govt from using the term
               "alias" [390-1] DENIED as moot based upon Govt's statement. (EOD
               1/12/05) (cc: all counsel) (pl) (Entered: 01/12/2005)
01/17/2005 408  EXCERPTED TRANSCRIPT of testimony of Phillip Pena on 1/13/05
               filed by OCR Peggy G. Turner (pl) (Entered: 01/18/2005)
01/20/2005 413  EXCERPTED TRANSCRIPT of cross examination of Carruthers by
               Ms. Fort before Judge William J. Haynes, Jr., on 1/12/05 filed by
               OCR Peggy Turner (pl) (Entered: 01/21/2005)
01/20/2005 414  EXCERPTED TRANSCRIPT of cross examination of Quintanilla by
               Ms. Hodde before Judge William J Haynes, Jr., on 1/12/05 filed by
               OCR Peggy Turner (pl) (Entered: 01/21/2005)
01/21/2005 410  ORDER by Judge William J. Haynes Jr.: On motion by deft
               Ferlandis Herod, the Cumberland Mental Health Center is ordered
               to produce the records of Philip Pena-Santiago the the Clerk for
               the criminal trial. (EOD 1/21/05) (cc: all counsel) (as)
               (Entered: 01/21/2005)
01/21/2005 412  ORDER by Judge William J. Haynes Jr.: Motion by deft Phillip
               Pena Santiago to review psychological and/or psychiatric record
               [411-1] is GRANTED. The Clerk shall not allow access to these
               records to be filed with the Clerk except to Santiago's counsel
               and the Court. (EOD 1/21/05) (cc: all counsel) (as) (Entered:
               01/21/2005)
01/21/2005 416  ORDER by Judge William J. Haynes Jr.: Motion by deft Paulino
               Guizar to exclude evidence as to other crimes, wrongs or bad acts
               [409-1] GRANTED for the reasons stated in open court. (EOD
               1/24/05) (cc: all counsel) (pl) (Entered: 01/24/2005)

## Ocegueda Exhibit C20

01/28/2005 418   TRANSCRIPT of excerpt of cross examination of Mr. Mundy by
                 Villarreal on 1/26/05 filed by OCR Peggy Turner (kb) (Entered:
                 01/31/2005)
01/28/2005 424   FIRST Request for Special Jury Instructions filed by as to
                 deft Julio Solis Barrientos, et al. (as) (Entered: 02/04/2005)
01/28/2005 426   ORDER by Judge William J. Haynes Jr.: Requested Special Jury
                 Instruction by deft Julio Solis Barrientos [421-1] denied for the
                 reasons stated in open court. (EOD 2/4/05) (cc: all counsel) (as)
                 (Entered: 02/04/2005)
01/28/2005 427   ORDER by Judge William J. Haynes Jr.: Requested Special Jury
                 Instruction No. 2 filed by deft Julio Solis Barrientos [422-1]
                 granted as modifed in the instruction. (EOD 2/4/05) (cc: all
                 counsel) (as) (Entered: 02/04/2005)
01/28/2005 428   ORDER by Judge William J. Haynes Jr.: Request by eft Terrance
                 Moore for jury instruction 6.02 alibi [423-1] is granted. (EOD
                 2/4/05) (cc: all counsel) (as) (Entered: 02/04/2005)
01/28/2005 429   ORDER by Judge William J. Haynes Jr.: First request for
                 special jury instruction by Govt as to deft Julio Barrientos
                 [424-1] granted. (EOD 2/4/05) (cc: all counsel) (as) (Entered:
                 02/04/2005)
01/28/2005 430   ORDER by Judge William J. Haynes Jr.: Requested special jury
                 instructions by deft Ferlandis Herod [425-1] granted in part and
                 denied in part. (EOD 2/4/05) (cc: all counsel) (as) (Entered:
                 02/04/2005)
01/31/2005 419   SEALED ORDER by Judge William J. Haynes Jr.: re [412-1] (EOD
                 2/2/05) (cc: counsel for deft Phillip Santiago) (kb) (Entered:
                 02/02/2005)
01/31/2005 431   CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
                 Defts Julio Solis Barrientos, Jose Ocegueda, Ferlandis Herod,
                 Paulino Guizar and Terrance Moore appeared with counsel for jury
                 trial on 1/11-14/05, 1/18-21/05, 1/24-28/05 and 1/31/05 . Jury
                 verdicts on 1/31/05: Mistrial as to deft Julio Augustin Solis
                 Barrientos . Deft Jose Fernando Moran Ocegueda guilty as to Count
                 1 . Deft Ferlandis Herod guilty as to Count 1 . Deft Paulino
                 Guizar guilty as to Counts 1 and 2 . Deft Terrance Moore guilty
                 as to Count 1 and guilty to a lesser included offense as to Count
                 2 . OCR Peggy Turner (as) (Entered: 02/04/2005)
01/31/2005 432   JURY VERDICT FORM as to defts Julio Augustin Solis
                 Barrientos, Jose Fernando Moran Ocegueda, Ferlandis Herod,
                 Paulino Guizar and Terrance Moore (as) (Entered: 02/04/2005)
02/03/2005 420   ORDER by Magistrate Judge Joe B. Brown: Petition by USPO
                 regarding noncompliance by deft Phillip Pena-Santiago with
                 conditions of supervision considered: No action but report any
                 additional violations. (EOD 2/3/05) (cc: all counsel) (pl)
                 (Entered: 02/03/2005)
02/03/2005 433   ORDER by Judge William J. Haynes Jr.: In accordance with the
                 jury's verdict, defts Jose Ocegueda, Ferlandis Herod, Paulino
                 Guizar and Terrance Moore are guilty. The jury was unable to
                 reach a verdict as to deft Julio Barrientos. (EOD 2/4/05) (cc:
                 all counsel) (as) (Entered: 02/04/2005)
02/07/2005 434   ORDER by Judge William J. Haynes Jr.: Jury trial is set for
                 9:00 a.m. on 3/29/05; status conference is set for 1:30 p.m. on
                 3/14/05 for deft Julio Augustin Solis Barrientos . If a plea
                 agreement is reached by 3/25/05, the Courtroom deputy shall be
                 notified and the proposed plea agreement submitted to the Court
                 by 3/28/05. (EOD 2/8/05) (cc: all counsel) (kb) (Entered:
                 02/08/2005)

02/25/2005 438   SEALED ORDER by Judge William J. Haynes Jr.: SEALED motion by
                 deft Julio Augustin Solis Barrientos [436-1] is GRANTED. (EOD
                 2/25/2005) (cc: all counsel) (Entered: 02/25/2005)
02/25/2005 439   SEALED ORDER by Judge William J. Haynes Jr.: SEALED motion by
                 deft Julio Augustin Solis Barrientos [437-1] is GRANTED. (EOD
                 2/25/2005) (cc: all counsel) (Entered: 02/25/2005)
02/25/2005 440   ORDER by Judge William J. Haynes Jr.: Motion by Julio
                 Augustin Solis Barrientos to extend time for filing pretrial
                 motions [435-1] is GRANTED. Pretrial motions deadline is reset
                 for 3/1/05 for Julio Augustin Solis Barrientos . (EOD 2/25/05)
                 (cc: all counsel) (kb) (Entered: 02/25/2005)
03/03/2005 441   ORDER by Judge William J. Haynes Jr.: Sentencing hearing is
                 set for 2:00 p.m. on 4/25/05 for deft Jose Fernando Moran
                 Ocegueda, deft Ferlandis Herod, deft Paulino Guizar, and deft
                 Terrance Moore . (EOD 3/3/05) (cc: all counsel) (kb) (Entered:
                 03/03/2005)
03/14/2005 443   ORDER by Judge William J. Haynes Jr.: Motion by Govt and deft
                 Julio Solis Barrientos to continue status conference set for
                 3/14/05 [442-1] is GRANTED. Status conference is reset for 3:00
                 p.m. on 3/16/05 for deft Julio Augustin Solis Barrientos . (EOD
                 3/15/05) (cc: all counsel) (kb) (Entered: 03/15/2005)
03/16/2005 446   MOTION by Govt to continue sentencing hearings set for
                 4/25/05 as to deft Jose Fernando Moran Ocegueda, deft Ferlandis
                 Herod, deft Paulino Guizar and deft Terrance Moore (kb) (Entered:
                 03/17/2005)
03/17/2005 447   ORDER by Judge William J. Haynes Jr.: Motion by deft
                 Guillermo Garcia Alvarez to set sentencing date [445-1] is
                 GRANTED. Sentencing hearing is set for 3:30 p.m. on 4/22/05 for
                 deft Guillermo Garcia Alvarez (EOD 3/17/05) (cc: all counsel)
                 (kb) (Entered: 03/17/2005)
03/17/2005 448   ORDER by Judge William J. Haynes Jr.: Motion by Govt to
                 continue sentencing hearings set for 4/25/05 as to deft Jose
                 Fernando Moran Ocegueda, deft Ferlandis Herod, deft Paulino
                 Guizar and deft Terrance Moore [446-1]: sentencing hearing is
                 reset for 1:30 p.m. on 6/3/05 for deft Jose Fernando Moran
                 Ocegueda, deft Ferlandis Herod, deft Paulino Guizar, and deft
                 Terrance Moore . (EOD 3/18/05) (cc: all counsel) (kb) (Entered:
                 03/18/2005)
04/08/2005 454   CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
                 Deft Julio Solis Barrientos appeared with counsel Cynthia
                 Chappell for plea hearing and sentencing on 4/8/05 . Plea of
                 guilty to superseding information accepted and entered. Deft
                 sentenced to 6 months, time served. One year supervised release.
                 $100 special assessment. J&C to enter. OCR Peggy Turner (as)
                 (Entered: 04/11/2005)
04/22/2005 458   CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
                 Deft Guillermo Garcia Alvarez appeared with counsel William Bruce
                 for sentencing hearing on 4/22/05 . Motion by Govt for downward
                 departure [456-1] granted. Imprisonment for 40 months; 5 years
                 supervised release; $100 special assessment. J&C to enter. OCR
                 Peggy Turner (as) (Entered: 04/26/2005)
04/25/2005 457   TRANSCRIPT EXCERPT of the 1/21/05 testimony of Charles Turner
                 at the trial of defts Jose Ocegueda, Ferlandis Herod, Paulino
                 Guizar and Terrance Moore filed by OCR Peggy Turner (as)
                 (Entered: 04/26/2005)
05/06/2005 460   SENTENCING POSITION by Govt re: sentencing factors as to deft
                 Jose Fernando Moran Ocegueda (kb) (Entered: 05/09/2005)

# Ocegueda Exhibit C22

05/06/2005 461  SENTENCING POSITION by Govt re: sentencing factors as to deft
             Terrance Moore (kb) (Entered: 05/09/2005)
05/13/2005 464  ORDER by Judge William J. Haynes Jr.: The motion by deft
             Phillip Pena Santiago for order to review psychological and/or
             psychiatric records [415-1] was granted at trial and is now moot.
             (EOD 5/13/05) (cc: all counsel) (as) (Entered: 05/13/2005)
05/13/2005 465  ORDER by Judge William J. Haynes Jr.: Sentencing hearing is
             set for 4:00 p.m. on 6/10/05 for deft Efren Lopez Benitez . (EOD
             5/13/05) (cc: all counsel) (as) (Entered: 05/13/2005)
05/16/2005 467  ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
             Moore to extend time to respond to PSR [466-1] is GRANTED. (EOD
             5/16/05) (cc: all counsel) (kb) (Entered: 05/16/2005)
05/27/2005 472  ORDER by Judge William J. Haynes Jr.: Motion by deft Paulino
             Guizar to continue sentencing hearing set for 6/3/05 [470-1] is
             GRANTED. Counsel for the parties have 10 days to submit a agreed
             order setting a new time and date for sentencing. (EOD 5/27/05)
             (cc: all counsel) (kb) (Entered: 05/27/2005)
05/27/2005 474  SENTENCING POSITION by deft Jose Fernando Moran Ocegueda with
             respect to sentencing factors (kb) (Entered: 05/31/2005)
06/02/2005 476  TRANSCRIPT of testimony of Effren Lopez Benitez on 1/19-20/05
             filed by OCR Peggy Turner (kb) (Entered: 06/02/2005)
06/02/2005 478  MOTION by deft Jose Fernando Moran Ocegueda to continue
             sentencing hearing set for 6/3/05 (kb) (Entered: 06/02/2005)
06/02/2005 479  ORDER by Judge William J. Haynes Jr.: Motion by deft
             Ferlandis Herod to continue sentencing hearing set for 6/3/05
             [477-1] is GRANTED. Sentencing hearing is continued for Ferlandis
             Herod with no date set . (EOD 6/3/05) (cc: all counsel) (kb)
             (Entered: 06/03/2005)
06/02/2005 480  ORDER by Judge William J. Haynes Jr.: Motion by deft Jose
             Fernando Moran Ocegueda to continue sentencing hearing set for
             6/3/05 [478-1] is GRANTED. Sentencing hearing is continued
             without a date for deft Jose Fernando Moran Ocegueda . (EOD
             6/3/05) (cc: all counsel) (kb) (Entered: 06/03/2005)
06/10/2005 492  CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
             Deft Efren Lopez Benitez appeared with counsel for sentencing
             hearing on 6/10/05 . Imprisonment for 40 months; 5 years
             supervised release. J&C to enter. OCR Peggy Turner (as) (Entered:
             06/20/2005)
06/10/2005 493  ORDER by Judge William J. Haynes Jr.: Motion by Govt for
             downward departure as to deft Efren Lopez Benitez [484-1] is
             GRANTED based upon statements of counsel for the Govt. (EOD
             6/20/05) (cc: all counsel) (as) (Entered: 06/20/2005)
06/13/2005 486  MOTION by Govt to set the sentencing hearing for defts Jose
             Fernando Moran Ocegueda, Ferlandis Herod and Paulino Guizar for
             7/14/05 at 9:00 a.m. (as) (Entered: 06/13/2005)
06/13/2005 487  ORDER by Judge William J. Haynes Jr.: Motion by Govt to set
             the sentencing hearing for defts Jose Fernando Moran Ocegueda,
             Ferlandis Herod and Paulino Guizar [486-1] is GRANTED. Sentencing
             hearing is set for 3:00 p.m. on 7/14/05 . (EOD 6/14/05) (cc: all
             counsel) (as) (Entered: 06/14/2005)
06/13/2005 488  CLERKS RESUME of hearing before Judge William J. Haynes Jr.:
             Deft Terrance Moore appeared with counsel Larry Copeland, Jr. for
             sentencing hearing on 6/3/05 . Imprisonment for 188 months on
             Count One and 60 months on Count Two, to run concurrently. Five
             years supervised release. J&C to enter. OCR Peggy Turner (as)
             (Entered: 06/15/2005)

## Ocegueda Exhibit C23

06/16/2005    Short Record on Appeal sent to 6th CCA re appeal by deft
              Terrance Moore, pro se [481-1] (pl) (Entered: 06/16/2005)
06/17/2005 491 ORDER by Judge William J. Haynes Jr.: Motion by deft Terrance
              Moore, Pro se, for a copy of the sentencing transcript and docket
              sheet for appeal [490-1] is GRANTED. (docket sheet mailed
              6/17/05, cc: OCR Peggy Turner) (cc: all counsel) (kb) Modified on
              06/20/2005 (Entered: 06/20/2005)
06/23/2005    APPEAL NUMBER received from 6CCA regarding appeal by deft
              Terrance Moore [481-1]. Assigned Appeal Number: 05-5971; Case
              Manager Patty Elder. (as) (Entered: 06/24/2005)
07/07/2005 500 TRANSCRIPT prepared by OCR Peggy Turner of jury trial
              proceedings on 1/24/05 before Judge Haynes as to defts Julio
              Barrientos, Jose Ocegueda, Ferlandis Herod, Paulino Guizar and
              Terrance Moore. (as, ) (Entered: 07/07/2005)
07/11/2005 503 MOTION by Kathleen Morris, counsel for deft Jose Fernando
              Moran Ocegueda, to be exempt from electronic filing requirements.
              (as, ) (Entered: 07/12/2005)
07/11/2005 504 MOTION by Jose Fernando Moran Ocegueda for downward
              departure. (as, ) (Entered: 07/12/2005)
07/16/2005 506 MOTION BOP Placement by Jose Fernando Moran Ocegueda.
              (Morris, Kathleen) (Entered: 07/16/2005)
07/18/2005 509 ORDER denying 504 Motion to Reduce Sentence as to Jose
              Fernando Moran Ocegueda (5) for the reasons stated at sentencing.
              Signed by Judge William J. Haynes on 7/15/05. (kb, ) (Entered:
              07/18/2005)
07/18/2005 510 ORDER granting 503 Motion to exempt counsel from electronic
              filing requirements as to Jose Fernando Moran Ocegueda (5).
              Signed by Judge William J. Haynes on 7/15/05. (kb, ) (Entered:
              07/18/2005)
07/21/2005 513 NOTICE OF APPEAL by Jose Fernando Moran Ocegueda Filing fee $
              255. (Morris, Kathleen) (Entered: 07/21/2005)
07/21/2005 514 ORDER granting 506 Motion recommending placement in a prison
              near Santa Ana, CA as to Jose Fernando Moran Ocegueda (5). Signed
              by Judge William J. Haynes on 7/21/05. (kb, ) (Entered:
              07/22/2005)
08/01/2005 520 Minute Entry for proceedings held before Judge William J.
              Haynes :Sentencing hearing held on 7/14/05 as to deft Jose
              Ocegueda. Sentenced to 240 months; 5 years supervised release.
              J&C to enter. (Court Reporter Becky Cole.) (as, ) (Entered:
              08/02/2005)
08/01/2005 523 JUDGMENT and Commitment Order of sentencing on 7/14/05 as to
              Jose Fernando Moran Ocegueda: Jury verdict of guilty.
              Imprisonment for 240 months. 5 years supervised release, with
              special conditions. $100 special assessment. Jose Fernando Moran
              Ocegueda terminated. Signed by Judge William J. Haynes on 8/1/05.
              (as, ) (Entered: 08/02/2005)
08/01/2005 524 Sealed Document (Statement of Reasons) as to deft Jose
              Ocegueda. (as, ) (Entered: 08/02/2005)
08/19/2005 533 MOTION Funding for Transcript of Co-Defendant's Closing
              Argument by Jose Fernando Moran Ocegueda. (Morris, Kathleen)
              (Entered: 08/19/2005)
08/22/2005 535 ORDER granting 533 Motion for funding authorization to obtain
              transcript of co-deft Terrance Moore's closing argument as to
              Jose Fernando Moran Ocegueda (5). Signed by Judge William J.
              Haynes on 8/22/05. (kb, ) (Entered: 08/23/2005)

# Ocegueda Exhibit C24

09/28/2005 544  TRANSCRIPT (Volume I) of jury trial on 1/11/05 as to defts
                Terrance Moore, et al., prepared by OCR Peggy Turner. (as, )
                (Entered: 10/07/2005)
09/28/2005 546  TRANSCRIPT (Volume III) of jury trial on 1/13/05 as to defts
                Barrientos, et al. prepared by OCR Peggy Turner(as, ) (Entered:
                10/07/2005)
09/28/2005 547  TRANSCRIPT (Volume IV) of jury trial on 1/14/05 as to defts
                Barrientos, et al., prepared by OCR Peggy Turner.(as, ) (Entered:
                10/07/2005)
09/28/2005 548  TRANSCRIPT (Volume V) of jury trial on 1/18/05 as to defts
                Julio Barrientos, et al., prepared by OCR Peggy Turner(as, )
                (Entered: 10/07/2005)
10/04/2005 549  TRANSCRIPT (Volume VI) of jury trial on 1/19/05 as to deft
                Julio Barrientos, et al., prepared by OCR Peggy Turner.(as, )
                (Entered: 10/07/2005)
10/04/2005 550  TRANSCRIPT (Volume VII) of jury trial on 1/20/05 as to defts
                Julio Barrientos, et al., prepared by OCR Peggy Turner. (as, )
                (Entered: 10/07/2005)
10/20/2005 554  TRANSCRIPT (Volume VIII) of jury trial on 1/21/05 as to defts
                Julio Barrientos, et al., prepared by OCR Peggy Turner.(as, )
                (Entered: 10/25/2005)
10/20/2005 555  TRANSCRIPT (Volume IX) of jury trial on 1/24/05 as to defts
                Julio Barrientos, et al. prepared by OCR Peggy Turner.(as, )
                (Entered: 10/25/2005)
10/20/2005 556  TRANSCRIPT (Volume X) of jury trial on 1/24/05 as to defts
                Julio Barrientos, et al., prepared by OCR Peggy Turner. (as, )
                (Entered: 10/25/2005)
10/24/2005 557  TRANSCRIPT (Volume XI) (Pages 1-75) of jury trial on 1/26/05
                as to defts Julio Barrientos, et al., prepared by OCR Peggy
                Turner (Attachments: (1) Pages 76-149 (2) Pages 150-225 (3) Pages
                226-311)(as, ) (Entered: 10/25/2005)
10/24/2005 558  TRANSCRIPT (Volume XII) of jury trial on 1/27/05 as to defts
                Julio Barrientos, et al., prepared by OCR Peggy Turner.(as, )
                (Entered: 10/25/2005)
10/24/2005 595  TRANSCRIPT (Volume XIII) of jury trial on 1/28/05 as to defts
                Javier Zamora, et al., prepared by OCR Peggy Turner re 525 Notice
                of Appeal - Final Judgment, 512 Notice of Appeal - Final
                Judgment, 513 Notice of Appeal - Final Judgment, 481 Notice of
                Appeal - Final Judgment (as, ) (Entered: 09/15/2006)
11/18/2005 560  INFORMATION COPY from 6CCA for appeal nos. 05-5971, Terrance
                Moore; 05-6191, Ferlandis Herod; 05-6192, Jose Fern Ando
                Ocegueda; and 05-6217, Paulino Guizar: Ordered that the causes
                are consolidated for the purposes of briefing and submission is
                appropriate. (Lavorini, Patricia) (Entered: 11/23/2005)
11/30/2005 562  TRANSCRIPT prepared by OCR Peggy Turner for dates of 7/19/04
                before Judge William J. Haynes, of Motion hearing: re 525 Notice
                of Appeal - Final Judgment, 512 Notice of Appeal - Final
                Judgment, 513 Notice of Appeal - Final Judgment, 481 Notice of
                Appeal - Final Judgment (kb, ) (Entered: 12/05/2005)
12/05/2005 565  TRANSCRIPT (Vol. 1) by OCR Becky Cole of sentencing of Jose
                Fernando Moran Ocegueda, Ferlandis Herod, and Paulino Guizar on
                7/14/05 before Judge Haynes, re 525 Notice of Appeal - Final
                Judgment, 512 Notice of Appeal - Final Judgment, 513 Notice of
                Appeal - Final Judgment (kb, ) (Entered: 12/07/2005)
12/05/2005 566  TRANSCRIPT (Vol. 1) prepared by OCR Peggy Turner for motion
                hearing for dates of 2/13/04 before Judge Haynes, re 525 Notice
                of Appeal - Final Judgment, 512 Notice of Appeal - Final

## Ocegueda Exhibit C25

Judgment, 513 Notice of Appeal – Final Judgment, 481 Notice of Appeal – Final Judgment (kb, ) (Entered: 12/08/2005)

07/09/2007 608   INFORMATION COPY of mandate dated 7/5/07 as to Terrance Moore, Paulino Guizar, Jose Fernando Moran Ocegueda and Ferlandis Herod: We AFFIRM. (as, ) (Entered: 07/20/2007)

01/14/2008 615   MANDATE from 6CCA (certified copy) re: Appeal 05-6192 by Ferlandis Herold and 05-6192 by Jose Moran Ocefueda: Pursuant to the court disposition (affirmed), the mandate hereby issues 1/9/08. (as) (Entered: 01/16/2008)

01/25/2008 616   PETITION FOR WRIT OF CERTIORARI placed on US Supreme Court Docket on 1/14/08 as No. 07-8767 as to Jose Fernando Moran Ocegueda re 513 Notice of Appeal – Final Judgment (as) (Entered: 01/25/2008)

03/03/2008 619   Petition for Writ of Certiorari DENIED as to Jose Fernando Moran Ocegueda. (as) (Entered: 04/04/2008)

*240 Fed. Appx. 699, *; 2007 U.S. App. LEXIS 16570, **;*
*2007 FED App. 0480N (6th Cir.)*

UNITED STATES OF AMERICA, Appellee, v. TERRANCE MOORE; PAULINO GUIZAR; JOSE
FERNANDO MORAN OCEGUEDA; and FERLANDIS HEROD, Appellants

Nos. 05-5971, 05-6191, **05-6192**, 05-6217

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

07a0480n.06; 240 Fed. Appx. 699; 2007 U.S. App. LEXIS 16570; 2007 FED App. 0480N (6th Cir.)

July 5, 2007, Filed

**NOTICE:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28
(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING
IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE
SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY
DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** US Supreme Court certiorari denied by Moore v. United States, 128 S. Ct.
553, 169 L. Ed. 2d 388, 2007 U.S. LEXIS 12062 (U.S., 2007)
US Supreme Court certiorari denied by Moran Ocegueda v. United States, 2008 U.S. LEXIS 1890 (U.S.,
Feb. 19, 2008)
US Supreme Court certiorari denied by Herod v. United States, 2008 U.S. LEXIS 1936 (U.S., Feb. 19,
2008)

**PRIOR HISTORY:** [**1]
ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants were convicted of conspiring to distribute five or more
kilograms of cocaine and other drug-related offenses. The United States District Court for the Middle
District of Tennessee sentenced defendants. Defendants appealed their convictions and sentences.

**OVERVIEW:** Defendants asserted that the government presented insufficient evidence of conspiracy,
various trial errors required their convictions to be overturned and the district court erred in sentencing
them. The appellate court found that the testimony of a witness presented a detail account of a
conspiracy to smuggle at least five kilograms of cocaine. The pre-trial identification was not unduly
suggestive. There was no Brady violation for failure to disclose information regarding the medical
history of the witness because the evidence was not material and its disclosure would not have changed
how defense counsel cross-examined the witness. The admission of telephone records did not unduly
prejudice defendants and were admissible under the business records exception. Fed. R. Evid. 803(6).
It was clearly established that one of the defendants was the organizer, leader, manager or supervisor

**Ocegueda Exhibit D1**

in the conspiracy. The obstruction of justice enhancement against this defendant was proper because he sent a note to a co-defendant and told him to "take care of" a snitch. Because defendants were not similarly situated, the district court had no basis for sentencing them similarly.

OUTCOME: Defendants' convictions and sentences were affirmed.

CORE TERMS: cocaine, conspiracy, phone, sentence, identification, photograph, kilograms of cocaine, garage, truck, guideline, informant, telephone records, co-conspirator, unduly, night, imprisonment, suggestive, kilogram, hidden, hotel, times, mental health, compartment, arrested, hearsay, drive, distribute, marijuana, telephone, license

COUNSEL: For UNITED STATES OF AMERICA, Plaintiff - Appellee (05-5971, 05-6191, **05-6192**, 05-6217). Harold B. McDonough, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN. Richard A. Friedman, U.S. Department of Justice, Criminal Division, Appellate Section, Washington, DC

TERRANCE MOORE, aka "Tanky", Defendant - Appellant (05-5971), Pro se, Forrest City, AR.

For TERRANCE MOORE, aka "Tanky", Defendant - Appellant (05-5971): Paul K. Guibao, Law Office of Paul Guibao, Memphis, TN

For FERLANDIS HEROD, Defendant - Appellant (05-6191): Kimberly S. Hodde, Hodde & Associates, Nashville, TN

For JOSE FERNANDO MORAN OCEGUEDA, Defendant - Appellant (**05-6192**): Kathleen G. Morris, Nashville, TN

For PAULINO GUIZAR, aka "Jr", aka Flacko, Defendant - Appellant (05-6217): Cynthia M. Fort, Butler, Kohl & Faulkner, Nashville, TN

JUDGES: Before: SUTTON and COOK, Circuit Judges; and GWIN, District Judge *

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

OPINION BY: SUTTON

OPINION

[*702] SUTTON, Circuit Judge. A federal jury convicted Paulino Guizar, Ferlandis Herod, Terrance Moore and Jose [**2] Moran Ocegueda of conspiring to distribute five or more kilograms of cocaine, among other charges. The four now appeal their respective convictions and sentences, arguing that the government presented insufficient evidence of conspiracy, that various trial errors require their convictions to be overturned and that the district court erred in sentencing them. Because none of these

## Ocegueda Exhibit D2

arguments is convincing, we affirm

I.

The evidence presented to the jury showed the following. Javier Zamora ran a marijuana and cocaine distribution network centered in Chicago. Zamora employed Phillip Pena-Santiago to transport the drugs from sources in downtown Chicago to Zamora's residence, which he used as a storage facility. And he employed Efren Lopez-Benitez to courier drugs from Zamora's residence to buyers in Michigan, including Jose Fernando Moran Ocegueda.

In April 2002, Zamora gave Lopez-Benitez eight to ten pounds of marijuana and told him to contact Ocegueda because "he could move it." JA 1350-51. Lopez-Benitez contacted Ocegueda and sold him the marijuana. Lopez-Benitez arranged another sale of drugs--this time half a kilogram of cocaine--to Ocegueda from Zamora a while later.

In the early summer [**3] of 2002, Ocegueda approached Lopez-Benitez about buying five to seven kilograms of cocaine, which he planned to cut and sell for $ 26,000 a kilogram. They met at Zamora's house, and Zamora agreed to provide Ocegueda with the cocaine but Ocegueda "would have to wait." JA 1359. While discussing the delivery of the cocaine with Lopez-Benitez and Guillermo Alvarez-Garcia (another colleague) at a restaurant in Kalamazoo, Michigan, Ocegueda offered the use of a 1998 Plymouth Breeze. The Plymouth Breeze was useful for transporting drugs, Ocegueda explained, because it had a hidden compartment where the passenger-side airbag used to be.

In July, Zamora arranged to buy the cocaine from a supplier in Memphis, Tennessee. After Lopez-Benitez refused to retrieve Ocegueda's cocaine from Memphis, Zamora contacted Pena-Santiago, and he agreed to make the trip. On July 9, Lopez Benitez picked up the Plymouth Breeze from Ocegueda, met with Pena-Santiago and taught him how to open the car's hidden compartment. Lopez-Benitez also gave Pena-Santiago a hand-drawn map showing him where to go in Memphis and the phone number of Paulino Guizar--Zamora's brother-in-law and Pena-Santiago's [*703] contact in Memphis. [**4] That night, after arriving in Memphis, Pena-Santiago called Guizar, arranged to meet him and rented a hotel room.

The two met the next day and scheduled a meeting with "the person holding the cocaine"--Ferlandis Herod. JA 770. Herod, who drove a red pick-up truck (a "red Ford Ranger truck," JA 1786), met the two at a gas station and directed them to follow him to a nearby cemetery. There, the three transferred the cocaine from the bed of Herod's pick-up to the trunk of the Plymouth Breeze, and Herod left.

All of this made Guizar upset because they now had "[t]oo many kilos of cocaine." JA 774. He made a series of phone calls, which prompted another meeting with Herod, this time outside Pena-Santiago's hotel. Herod offered to "take [back] as many [kilograms] as [they] were going to give him," JA 775, but left empty-handed because Guizar could not decide how much to return. Later that night, Guizar and Pena-Santiago met with Herod again at a gas station and followed him to his residence on Cleopatra Drive. They parked the Plymouth Breeze in Herod's garage, unloaded a portion of the cocaine and went into Herod's house for "a couple of minutes" to talk. JA 778-79. Escorted by Herod on a [**5] blue Yamaha motorcycle, Pena-Santiago and Guizar returned to the hotel for the night.

The next day, July 11, Pena-Santiago and Guizar met two of Guizar's colleagues and purchased a vacuum-sealing, food-storage system from Sam's Club. After several phone calls, they met with Terrance Moore, who led them to a house on West Holmes Avenue. Eric Griffin, one of Moore's friends, owned the house and had agreed to let Moore use it to unload and store "some dope." JA 791, 1159. That night, Pena-Santiago and Guizar retrieved the cocaine they had left at Herod's house and put it in

## Ocegueda Exhibit D3

Griffin's garage As payment for the use of Griffin's garage, Moore and Griffin received two to three kilograms of cocaine At the same time, Moore gave a pistol to one of Guizar's colleagues, who handed it to Guizar, who handed it to Pena-Santiago, who in turn left the gun in the garage

When everyone but Guizar and Pena-Santiago had left the garage, these two inventoried the remaining cocaine and determined that there was between 70 and 80 kilograms Guizar and Pena-Santiago repackaged the cocaine using the vacuum-sealing system from Sam's Club, placed 12 to 15 kilograms in the gas tank of Guizar's truck and 7 kilograms [**6] in the hidden compartment of the Plymouth Breeze At that point, Guizar told Pena-Santiago to deliver the seven kilograms in the Plymouth Breeze to Nashville before restocking and returning to Chicago Pena-Santiago also spoke with Zamora, who promised him "a truck plus a bunch of money" for completing the additional delivery JA 811

The next morning, July 12, Pena-Santiago left for Nashville in the Plymouth Breeze About 50 miles outside of Nashville, an officer stopped Pena-Santiago for speeding and Pena-Santiago consented to a search of the car During the search, Pena-Santiago called Zamora and told him that he had been pulled over for speeding but that the cocaine remained safely hidden When the police discovered the cocaine hidden in the Breeze's compartment, they arrested Pena-Santiago, and soon after he agreed to cooperate

At the urging of the police, Pena-Santiago placed several recorded telephone calls to Zamora, Lopez-Benitez and Guizar Pena-Santiago told them he had been stopped for speeding and received a speeding ticket He said the police had not found the hidden compartment (and the [*704] cocaine) but that they had impounded the Plymouth Breeze after finding marijuana in [**7] the trunk Pena-Santiago also told Zamora that the police would release the vehicle only to its registered owner and that he needed money for a hotel room

Zamora contacted Lopez-Benitez and told him to go to Nashville to pick up the Plymouth Breeze from the impound lot Ocegueda also ordered Alvarez-Garcia and another person to go with Lopez-Benitez and called to check on their progress during the drive Upon their arrival in Nashville, they went to Pena-Santiago's hotel to pick him up, but they were arrested instead

Meanwhile, Moore called Griffin and told him to pick up Guizar, who was still staying at Griffin's house on West Holmes Avenue, and bring him to Moore's residence in Mississippi Because Griffin "didn't know if police were coming or not," he did not have much time to check and see if all the drugs had been removed from his garage, but when Moore asked if Griffin and Guizar "[got] everything out of the house," Griffin said they had JA 1174 That evening the police searched Griffin's property and found empty kilogram wrappers in the trash can, a hotel receipt for "Phillip Pena," JA 1305, an instructional video for using a vacuum-sealing system and an old bill addressed [**8] to "Terrance Moore," JA 1313

On July 28, 2004, the government filed a fourth superseding indictment charging Guizar, Herod, Moore and Ocegueda (among others) with conspiracy to possess five or more kilograms of cocaine with intent to distribute, see 21 U S C § 846, and Guizar, Herod and Moore with possession of five or more kilograms of cocaine with intent to distribute, see 21 U S C § 841(a)(1) A federal jury convicted all four of conspiracy, Herod and Guizar of possessing five or more kilograms of cocaine with intent to distribute and Moore of the lesser-included offense of possessing less than five kilograms of cocaine with intent to distribute

Based on Guizar's extensive involvement in the conspiracy and his leadership role in orchestrating the movement and storage of the cocaine in Memphis, the district court sentenced him to 300 months' imprisonment Because Herod had twice been convicted of felonies involving cocaine, the district court sentenced him to a mandatory sentence of life imprisonment See 21 U S C § 841(b)(1)(A) The district court noted that Moore was unaware that the conspiracy involved 70 to 80 kilograms of cocaine,

## Ocegueda Exhibit D4

adjusted Moore's guidelines range and sentenced [**9] Moore to 188 months' imprisonment, a sentence at the top of the adjusted range. The district court attributed to Ocegueda a supervisory role because he "was the one who secured persons to transport the drugs and made arrangements and was part of the process of recovering the drugs," JA 2158C, and gave him an obstruction-of-justice enhancement--all leading to 240 months' imprisonment.

II.

Guizar, Herod, Moore and Ocegueda claim the evidence does not support the verdict--in particular because it does not show that they entered into a single conspiracy. They face a difficult burden--we cannot overturn the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)--one they ultimately cannot meet. As shown, the government presented a convincing tale of conspiracy to move at least five kilograms of cocaine from Memphis to Michigan. The government's lead witness, Pena-Santiago, identified [*705] each defendant as a member of the conspiracy and testified about the specific roles of each defendant: Ocegueda was the buyer, who provided the Plymouth Breeze that surreptitiously would convey the [**10] cocaine from Memphis to Michigan; Herod was the source, who supplied the cocaine to Pena-Santiago and stored the excess cocaine until Pena-Santiago and Guizar moved it to Griffin's garage; Guizar was Zamora's confidante in Memphis, who oversaw the operation there and connected Pena-Santiago with Herod; and Moore was the middle-man, who arranged for the storage of the excess cocaine in Griffin's garage. Despite repeated attempts to undermine Pena-Santiago's credibility at trial, the jury evidently found Pena-Santiago to be a credible witness, perhaps because his account was bolstered by the testimony of co-conspirators Alvarez-Garcia, Griffin and Lopez-Benitez. Presented with this detailed account of a conspiracy to smuggle at least five kilograms of cocaine from Memphis to Michigan, a rational juror could find Guizar, Herod, Moore and Ocegueda guilty beyond a reasonable doubt of a single conspiracy.

III.

Guizar, Herod, Moore and Ocegueda complain that several trial errors--the improper admission of evidence, the delayed disclosure of impeachment materials, improper closing arguments--so prejudiced the defense as to make a new trial necessary. We review the district court's factual findings [**11] for clear error, its legal conclusions de novo and any evidentiary rulings for abuse of discretion. *See United States v. Smith,* 73 F.3d 1414, 1416 (6th Cir. 1996); *see also GE v. Joiner,* 522 U.S. 136, 141, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

A.

Herod complains that Pena-Santiago should not have been allowed to identify him in court because the identification was the result of an "unnecessarily suggestive" identification procedure. "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968). To succeed on such a claim, then, a defendant must show two things--that the pretrial procedure was "unduly suggestive" and that there was insufficient "independent indicia of reliability." *Thigpen v. Cory,* 804 F.2d 893, 895 (6th Cir. 1986).

Herod cannot satisfy these requirements. After his arrest, Pena-Santiago spent several weeks helping DEA agent Billy Joe Mundy to identify locations and witnesses and to sort through [**12] the scope and extent of the conspiracy. Although Pena-Santiago could not identify Herod by name, he explained to Agent Mundy that Herod lived in a "new house with [a] brick garage," JA 982, and that there should be

## Ocegueda Exhibit D5

a "red Ford Ranger truck" parked out front. JA 1786. On July 16, just four days after his arrest, Pena-Santiago and Agent Mundy drove to Memphis to identify the house where the excess cocaine was first stored. Upon turning onto Cleopatra Drive, Pena-Santiago identified Herod's "red Ford Ranger, extended cab truck" immediately, JA 1786-87, and identified the house next to it as Herod's. Agent Mundy noted the address and took down the truck's license plate number. When asked, Pena-Santiago could not give Agent Mundy details about the inside of [*706] Herod's garage, though he remembered that "it had a motorcycle in it." JA 983.

During the investigation, Agent Mundy asked Pena-Santiago to identify photographs several times, always using the same procedure: Agent Mundy took out a photograph and placed it "in a folder face down on the table"; Agent Mundy told Pena-Santiago that, if he recognized the person in the picture, he should explain "where [he] recognize[d] [the person] [**13] from, [and] any name [he] may know [the person] by"; Agent Mundy then turned over the photograph and let Pena-Santiago talk. JA 1847. Using this procedure, Pena-Santiago identified a photograph of Zamora on July 17, and photographs of Zamora, Lopez-Benitez, Guizar and another conspirator on July 22. But Pena-Santiago was not able to identify every photograph--including several pictures of Zamora's relatives. On July 31, Agent Mundy showed Pena-Santiago at least two photographs using this procedure: one was a black-and-white copy of Herod's driver's license photograph, see JA 155, which Agent Mundy had obtained by using the license plate number on Herod's truck; the other was of Griffin. Pena-Santiago identified both photographs, though he could only describe Herod as the man who lived on Cleopatra Drive because he admitted that he never learned Herod's name. On May 6, 2003, after Herod was arrested and photographed, Agent Mundy asked Pena-Santiago to identify this new photograph, see JA 159, which he did immediately. Pena-Santiago also identified Herod at trial.

"Although identifications arising from single-photograph displays may be viewed in general with suspicion," *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977), [**14] Pena-Santiago's pretrial identification of Herod was not unduly suggestive. *First*, the context of a multi-member conspiracy spanning at least four States and dozens of individuals undercuts the possibility that the identification procedure was unnecessarily suggestive. Unlike the typical identification situation in which an eyewitness is asked to identify a single person, Pena-Santiago had dozens of individuals to choose from in identifying the photographs given to him.

*Second*, Herod forgets that Pena-Santiago repeated this procedure many times, making the procedure, to some extent, the functional equivalent of a large photograph array. And Herod does not argue that Agent Mundy engaged in suggestive tactics in conjunction with the procedure: No one argues that Agent Mundy suggested that the driver's license photograph depicted Herod nor that Agent Mundy and Pena-Santiago were talking about Herod shortly before the identification occurred. He instead asks us to hold that every identification through a "single photo display" is unduly suggestive as a matter of law, Br. at 38, which we decline to do.

*Third*, Pena-Santiago's extensive contacts with Herod greatly diminish any risk of misidentification. [**15] Pena-Santiago had many opportunities to observe Herod: first at a Memphis gas station, next at a cemetery to transfer the cocaine, next outside Pena-Santiago's hotel when Herod first offered to take back some of the cocaine, next at a different gas station from which Herod escorted Pena-Santiago to his house on Cleopatra Drive, then at Herod's house where they unloaded the cocaine and talked inside for "a couple of minutes," JA 778-79, and finally when Pena-Santiago retrieved the cocaine from Herod's garage the next night. Pena-Santiago not only saw Herod several times, the two also spent considerable time working with each other--transferring the cocaine from Herod's truck to the Plymouth Breeze, unloading the cocaine in Herod's [*707] garage and reloading the cocaine into the Breeze--not to mention the time they spent chatting inside Herod's house the first night. The district court did not abuse its discretion in admitting the identification.

**Ocegueda Exhibit D6**

B

Moore contends that the government's delayed disclosure of certain medical records and payments made to Pena-Santiago by government sources violated *Brady v Maryland*. 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) Before trial, the government disclosed that the DEA gave Pena-Santiago [**16] regular payments for his help in the pending case and that Pena-Santiago was receiving mental health counseling. At trial, the government also disclosed that several local sheriffs departments paid Pena-Santiago to assist in drug busts. Also at trial, Pena-Santiago admitted that he suffered from occasional blackouts "a long time" ago, JA 1014, prompting Moore and his co-defendants to seek Pena-Santiago's mental health records

Before we will overturn this verdict, Moore must show that the information withheld was both material and exculpatory--that "there is a reasonable probability that, had the evidence been disclosed to the defense [earlier], the result of the proceeding would have been different." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987) (internal quotation marks omitted) Moore cannot meet this burden. Moore has not shown that the government failed to disclose any information about Pena-Santiago's medical history--the government after all disclosed before trial that Pena-Santiago was engaged in mental health counseling and the specific records requested by Moore were not in the hands of the government but in the hands of a private mental health facility. Nor has he shown [**17] how any delay by the government in producing these materials prejudiced his defense. Defense counsel attempted to impeach Pena-Santiago's testimony by repeatedly stressing to the jury that Pena-Santiago expected to benefit from his cooperation, *see* JA 973, 1056, that the DEA paid Pena-Santiago's expenses in return for his assistance, *see* JA 964, 1019-20, 1050, that Pena-Santiago had a "lot of drug history" as both a courier and a user, JA 950, and that Pena-Santiago had received substantial mental health counseling, *see* JA 1007. Defense counsel also wove the disclosed information into their cross examination, asking Pena-Santiago about his work with law enforcement in conducting controlled buys, about his blackouts, and about his admissions to his mental health counselor. Given that defense counsel cross-examined Pena-Santiago on these very issues and given that Moore has not shown how he would have cross-examined Pena-Santiago differently had he received the materials earlier, he has not shown prejudice.

C

Guizar, Herod, Moore and Ocegueda claim that Agent Mundy bolstered Pena-Santiago's credibility with hearsay and that the district court's limiting instruction did not cure the problem. [**18] Out of the 176 pages of Agent Mundy's trial testimony, the defendants isolate three sets of potentially problematic statements. First, when questioned why he did not ask Pena-Santiago to make a "controlled delivery of the drugs" to his contact in Nashville, Agent Mundy said that Pena-Santiago was "to deliver [the drugs] to an unknown individual ... in Nashville" but "evidently ... believed that there was a car chase behind him." JA 1759-60. Second, while explaining how the police obtained a warrant to [*708] search Griffin's house on West Holmes Avenue, Agent Mundy mentioned that Pena-Santiago stated he had "left [the remaining cocaine] at that address" and that "no drugs" were left at Herod's house on Cleopatra Drive. JA 1776-78. Third, while explaining Pena-Santiago's identification of Herod's house, Agent Mundy explained that Pena-Santiago told him about a truck, that Pena-Santiago directed him to the house and that Pena-Santiago identified Herod's truck and house upon arrival. After an extended bench conference, the district court declined to grant a mistrial and instructed the jury "to consider those statements only as to identification of any of the defendants or other persons and [**19] any statements by Mr. Pena concerning identification of a place." JA 1826.

In the absence of a relevant exception, the Federal Rules of Evidence prohibit the admission of hearsay

**Ocegueda Exhibit D7**

evidence. *See* Fed. R. Evid. 802. But even the improper admission of hearsay evidence does not invariably warrant a retrial. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded.") This is a case in point. Some of these statements were harmless and hardly had the potential to cause "staggering prejudice." Herod Br. at 55. No one, for example, has contested that Pena-Santiago was on his way to Nashville to deliver the cocaine seized from the Plymouth Breeze, and his belief "that there was a car chase behind him" is simply irrelevant to the defense. Agent Mundy also was entitled to explain his own actions: why he declined to try a "controlled delivery" of the drugs, why he sought a search warrant for Griffin's house but not Herod's and how he discovered Herod's license plate number, which led to Herod's identification.

The district court's limiting instruction, moreover, covers several of the statements. None of the defendants objected to the formulation of this [**20] instruction at the time, and none now argues that he was unduly prejudiced by this identification evidence. Any bolstering of Pena-Santiago's credibility by these three remarks also was cumulative. Co-conspirators Alvarez-Garcia, Griffin and Lopez-Benitez corroborated Pena-Santiago's story; the government had already shown that Pena-Santiago identified first Herod's house and then Herod's photograph without prompting, and the jury already knew that Agent Mundy credited Pena-Santiago's testimony (he was after all the government's chief witness).

D

Guizar, Herod, Moore and Ocegueda all claim that the government unduly prejudiced their defenses by offering improper testimony analyzing the telephone records in the case and that the district court's limiting instructions did not cure the problem. The government introduced 19 different phone records, including bills and printouts of raw calling data, to corroborate the testimony of Pena-Santiago, Alvarez-Garcia, Griffin and Lopez-Benitez that the defendants communicated frequently throughout the conspiracy via telephone. *See* JA 2176-2406 (Gov't Exs. 1A-19A). The district court provisionally admitted the records after the government authenticated [**21] them through the records' custodians at several phone companies and ultimately redacted them so that only "calls made within the conspiracy period" along with the "subscriber ID" remained. JA 1898. The government asked two officials to summarize the records. The district court ultimately struck the testimony of the first official, Drug Enforcement Agent Madeline Del Fratt, and overruled objections to the second official, Agent Mundy, who explained how the phone records [*709] supported the testimony of Pena-Santiago, Alvarez-Garcia, Griffin and Lopez-Benitez as to specific phone calls.

Contrary to defendants' contention, the mere *initial* introduction of the telephone records did not unduly prejudice their cases. *First*, the district court did all it could to minimize any prejudice arising from the volume of telephone records: It permitted only "those pages" of the telephone records "that deal with calls between" the conspirators' "phones on the dates involved in the conspiracy" into evidence, JA 1740; and when it suggested even greater redactions, such as requiring the government to black out all calls not testified to by its witnesses, Ocegueda objected (while Guizar, Herod and Moore voiced [**22] no opinion on the matter).

*Second*, the district court limited the telephone records to corroborating the particular phone calls attested to by government witnesses, and the government showed that the conspirators had access to the phones and that the records corroborated each witness's testimony. *Compare, e.g.*, JA 756 (Pena-Santiago's testimony that Zamora called him at his girlfriend's house on July 9, 2002), *with* JA 2190 (Ex. 2A, phone of Pena-Santiago's girlfriend); JA 2259 (Ex. 8A, phone of Zamora); *and* JA 1908-09 (Agent Mundy pointing out that Ex. 2A shows a call to Ex. 8A on July 9). While the government did not present direct evidence about who possessed one of the phones, *see* JA 2397 (Ex. 19A, phone registered to "American Rivers"), a jury could reasonably infer that Herod possessed it: It was registered to an address in Memphis, where Herod lived; consistent with Pena-Santiago's testimony, it connected seven

## Ocegueda Exhibit D8

times to Pena-Santiago's phone on July 10 (the first night in Memphis), seven times to Guizar's phone that night, once to Pena-Santiago's phone the next evening (when they returned to Herod's house to retrieve the excess cocaine), and four times to Guizar's phone that evening; [\*\*23] and it was used several times that month to call Herod's mother. While it may be true that the phone identified in one exhibit, JA 2391-95 (Ex 18A, phone of Herod), neither placed calls nor received calls from co-conspirators, Herod forgets that the jury was instructed to ignore such records, *see* JA 1669 ("Insofar as there is testimony [of] telephone calls, or at least the dialing of telephone numbers to another number, you are to consider that evidence only [in] conjunction with the testimony of witnesses about actual telephone calls."), and he never explains how the introduction of an irrelevant exhibit could or would prejudice him

To the extent Guizar, Herod and Ocegueda challenge the admission of the telephone records as hearsay, they disregard the fact that business records, including computer data compilations that are not printed out until trial, are an exception to the hearsay rule in federal court, Fed. R. Evid. 803(6); *United States v. Salgado,* 250 F.3d 438, 452 (6th Cir. 2001), and that business records are considered non-testimonial for purposes of the Confrontation Clause, *see Crawford v. Washington,* 541 U.S. 36, 56, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). The custodians attested to how the telephone [\*\*24] records were compiled and to their accuracy, *see, e.g.,* JA 633-39, and when Herod said that some of the raw data might be inaccurate, the district court struck that record from the evidence out of an abundance of caution.

The defendants also claim that Agent Del Fratt's testimony summarizing the telephone records, which the district court ultimately struck from the record as unreliable, warranted a mistrial. But the district court told the jury to "strike, to the extent practicable[,]  any notes that [it] took on her testimony," JA 1748, and [\*710] warned that "[i]t would be a violation of [their] sworn duty as jurors to consider that testimony," JA 1747. This stern instruction and our normal presumption "that jurors follow their instructions," *United States v. Neuhausser,* 241 F.3d 460, 469 (6th Cir. 2001), by themselves suffice to defeat this argument.

### E

Ocegueda argues that the information about his prior drug transactions with Lopez and Zamora amounted to inadmissible character evidence under Rule of Evidence 404(b) and unduly prejudicial evidence under Rule 403. The problem for Ocegueda is that the prior transactions were not admitted as character evidence but to show "each co-conspirator's [\*\*25] knowledge of the others and their involvement in illegal drugs and their intent to enter into the conspiracy to deal in illegal drugs, specifically cocaine. So only for that limited [purpose]." JA 1350. None of these purposes suggests that Ocegueda's character was in play. This evidence also did not violate Rule 403's bar on unduly prejudicial evidence, given the relatively small quantity of drugs in these transactions (half a kilogram of cocaine, 8-10 pounds of marijuana) compared to the vast quantities of drugs involved in the main conspiracy (70-80 kilograms of cocaine) and the extensive testimony of the co-conspirators as to Ocegueda's involvement.

### F

Ocegueda argues that one officer's testimony about actions he took in response to the tip of a confidential informant was inadmissible and violated his Confrontation Clause rights. Not true. The statements of the confidential informant were never admitted into evidence. And even if the jury could infer what the confidential informant said from the officer's actions, the inferred statement was not admitted for the truth of the matter asserted but for showing the officer's actions in response to the tip. Because the federal hearsay rules [\*\*26] and the Confrontation Clause protect only statements "offered in evidence to prove the truth of the matter asserted," Fed. R. Evid. 801; *see Crawford,* 541 U.S. at 59

## Ocegueda Exhibit D9

n 9, the district court properly admitted the officer's testimony.

G

Ocegueda claims that his Sixth Amendment right to counsel was violated when jailhouse informants testified that he confessed to them. Although the government may not, through "secret interrogation by investigatory techniques that are the equivalent of direct police interrogation," solicit information from a defendant after he has been arrested and invoked his right to counsel, *Kuhlmann v. Wilson*, 477 U.S. 436, 459, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986), the circumstances surrounding Ocegueda's multiple confessions did not amount to a police interrogation. None of the informants was sent to interrogate Ocegueda. and none was promised any benefit for information before Ocegueda confessed. *See* JA 1505B (one informant stated that he had "never known anybody got any help" from snitching), JA 1505E (another informant said he approached the government with the confession), JA 1505J (another was "never promised nothing"), JA 1505O (another said he "could" get help by providing information to [**27] the government). Perhaps more importantly, Ocegueda must "demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks," *Kuhlmann*, 477 U.S. at 459, a showing he cannot make since the informants never solicited Ocegueda [*711] for information. Instead, Ocegueda volunteered the information each time, either directly to the informant or to someone within earshot. *See* JA 1517, 1542, 1562, 1585-86.

H

Ocegueda complains that the district court should have declared a mistrial when Moore's counsel said in his closing argument that "I believe that you will come to a guilty verdict for some people, but I think that you will come to an innocent verdict for Terrance Moore." JA 2119-20. But in context this argument represented a small part of counsel's contention that Moore should not be found guilty by association, an argument a defendant surely may make in a conspiracy trial.

A greater bar to this argument is Ocegueda's failure to object to the statement at trial, *see* JA 2120, requiring us to look at the contention through the lens of plain-error review. Fed. R. Crim. P. 52(b). Even if we accepted Ocegueda's contention [**28] that Moore's counsel was essentially a "second prosecutor," Br at 44, counsel's statement was nothing more than an "isolated remark[] ... made in the course of a long trial." *United States v. Solivan*, 937 F.2d 1146, 1156 (6th Cir. 1991). At most, the remark was a prediction of how the jury *would* act (not an opinion as to how the jury *should* act). At worst, the statement was a rhetorical flourish showing that counsel thought that if anyone should be acquitted, it should be his own client, Terrance Moore. Given the extensive evidence against Ocegueda— including the testimony of Pena-Santiago, Lopez-Benitez and Alvarez-Garcia—there is little likelihood that counsel's statement affected the jury's deliberations.

I

Guizar, Herod, Moore and Ocegueda argue that they were denied a fair trial by the accumulation of trial errors. Because the alleged errors were not in fact errors or were largely harmless, the trial as a whole was not fundamentally unfair to the defendants.

IV

Guizar, Herod, Moore and Ocegueda also challenge their sentences. We review constitutional challenges to a sentence de novo, the findings of fact used to enhance a sentence for clear error and the actual sentence imposed [**29] for a reasonable application of 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261-62, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). *See also Rita v. United States*,

**Ocegueda Exhibit D10**

551 U S , 127 S Ct 2456, 168 L Ed. 2d 203, 214 (U S 2007) ("[A] Guidelines sentence will usually be reasonable[] because it reflects both the Commission's and sentencing court's judgment as to what is an appropriate sentence for a given offender "); *United States v. Williams*, 436 F 3d 706, 708 (6th Cir 2006) (adopting a "rebuttable presumption of reasonableness" for sentences within the "properly calculated" guidelines range)

## A

Herod and Guizar claim that their sentences are unconstitutional because the district court relied on facts not found by a jury beyond a reasonable doubt As we have held before, *see, e.g. United States v Watford*, 468 F 3d 891, 915 (6th Cir 2006). *Booker* disposed of this argument by making the guidelines advisory rather than mandatory

## B

Moore challenges his 188-month sentence, at the top of the 151-188 month [*712] guidelines range, as substantively unreasonable. But: Moore was an essential link in the conspiracy; he introduced Guizar and Pena-Santiago to Griffin; he obtained Griffin's permission to use the West Holmes [**30] Avenue house to unload and store the cocaine; Moore and Griffin received two to three kilograms of cocaine for these services; and when Moore learned that Pena-Santiago had been arrested, he directed Griffin to pick up Guizar from the West Holmes Avenue house and bring him to Mississippi Moore, indeed, was a substantial contributor to the conspiracy. and given the "nature and circumstances of the offense," 18 U S C § 3553(a)(1), 188 months' imprisonment was reasonably necessary to "provide just punishment" and to "afford adequate deterrence to criminal conduct," *id* § 3553(a)(2)(A)-(B).

## C

Ocegueda argues that the district court erred in enhancing his guidelines range based on his role in the offense and his obstruction of justice and that his sentence of 240 months' imprisonment was unreasonable under *Booker* The district court properly characterized Ocegueda as an "organizer, leader, manager, or supervisor" in the conspiracy, U S S G § 3B1 1(c), because Ocegueda "wanted to purchase the drugs[,] secured persons to transport the drugs and made arrangements and was part of the process of recovering the drugs " JA 2158C Ocegueda (a) contacted Zamora about buying the cocaine, [**31] (b) provided the Plymouth Breeze, (c) instructed Lopez-Benitez about how to use the hidden compartment to transport the drugs and (d) sent Lopez-Benitez, Alvarez-Garcia and one other to pick up the Breeze after Pena-Santiago was arrested Together these actions amply support the conclusion that Ocegueda acted in a supervisory role *See* U S S G § 3B1.1 cmt n 4; *see also United States v Gates*, 461 F 3d 703, 708-09 (6th Cir 2006)

An obstruction-of-justice enhancement is appropriate when "the defendant willfully attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U S S G § 3C1 1(A) Ocegueda sent a note to a co-defendant telling him to "take care of" a "snitch[]," JA 2156, a statement the district court construed to be an attempt to silence a potential witness JA 2158C (Ocegueda "was intending to convey to others that he would do harm to a person who would testify against him "); *see* U S S G § 3C1 1 cmt n 3. Despite Ocegueda's argument to the contrary, guideline section 3C1 1 clearly covers attempts to obstruct justice, and whether or not there must be "some [**32] likelihood" of success before the guideline can apply, *see United States v Brooks*, 957 F 2d 1138, 1149-50 (4th Cir 1992), that standard was more than met here: The suspected snitch had been housed in the same jail as Ocegueda; the note could have been passed to a co-conspirator; and Ocegueda reasonably expected that the co-conspirator could "take care of" the suspected snitch The district court had no reason to accept Ocegueda's characterization of the

**Ocegueda Exhibit D11**

note as an attempt to instruct his co-conspirator to provide "comfort and assistance" to the suspected snitch. Br. at 51.

Ocegueda's sentence of 240 months' imprisonment was a reasonable application of section 3553(a). The district court properly calculated Ocegueda's guidelines range to be 210-262 months, JA 2159, and Ocegueda has given us no persuasive reason to overturn the district court's considered application of section 3553(a); *Rita*, at 217 ("[W]here judge and Commission *both* determine that [*713] the Guidelines sentence[] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement).") He points to the lower sentences of Lopez-Benitez [**33] and Zamora, presumably to show that the district court did not "avoid unwarranted sentence disparities among defendants with similar records." 18 U.S.C. § 3553(a) (6); *see* Br. at 52. But Ocegueda, Lopez-Benitez and Zamora were not three peas in a pod. Neither Lopez-Benitez nor Zamora attempted to threaten a potential witness. And both of them accepted responsibility for their actions and pleaded guilty, *see* Docs. 150, 494, while Lopez-Benitez substantially assisted the government in prosecuting the case. Because the three were not similarly situated, the district court had no basis for sentencing them similarly.

V.

For these reasons, we affirm.

Source:  Legal > Federal Legal - U.S. > Find Cases > Federal Courts by Circuit > Federal Cases By Circuit > 6th Circuit - US Court of Appeals Cases ☐
Terms:  **05-6192**  (Edit Search | Suggest Terms for My Search)
View:  Full
Date/Time:  Wednesday, February 4, 2009 - 8:08 PM EST

* Signal Legend:
☐ -  Warning: Negative treatment is indicated
☐ -  Questioned: Validity questioned by citing refs
☐ -  Caution: Possible negative treatment
☐ -  Positive treatment is indicated
☐ -  Citing Refs. With Analysis Available
☐ -  Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**Ocegueda Exhibit D12**

*128 S. Ct. 1320, 170 L. Ed. 2d 130;*
*2008 U.S. LEXIS 1890 *; 76 U.S.L.W. 3442*

Jose Fernando Moran Ocegueda, Petitioner v. United States.

No. 07-8767.

SUPREME COURT OF THE UNITED STATES

128 S. Ct. 1320; 170 L. Ed. 2d 130; 2008 U.S. LEXIS 1890; 76 U.S.L.W. 3442

February 19, 2008, Decided

**PRIOR HISTORY:** United States v. Moore, 240 Fed. Appx. 699, 2007 U.S. App. LEXIS 16570 (6th Cir.) (6th Cir. Tenn., 2007)

**JUDGES:** [*1] Roberts, Stevens, Scalia, Kennedy, Souter, Thomas, Ginsburg, Breyer, Alito

**OPINION**

Petition for writ of certiorari to the United States Court of Appeals for the Sixth Circuit denied.

☒ LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc.
All rights reserved

**Ocegueda Exhibit E1**