IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOSE FERNANDO MORAN OCEGUEDA )
                              )        CASE NO. 3:09-cv-0132
       v.                       )        (Crim. No. 3:02-00128)
                              )        JUDGE HAYNES
UNITED STATES OF AMERICA,       )


**UNITED STATES RESPONSE TO MOTION TO  VACATE
JUDGMENT AND GRANT A NEW TRIAL PURSUANT TO 28 U.S.C. § 2255**

COMES the United States of America, by and through the undersigned Assistant United

States Attorney for the Middle District of Tennessee, and in response to the motion for relief

filed by Jose Fernando Moran Ocegueda pursuant to the provisions of 28 U.S.C. § 2255, says

that the motion should be dismissed without an evidentiary hearing for the reasons set forth

below:

An evidentiary hearing is not required for a motion for relief under 28 U.S.C. § 2255

where the petition, files, and records conclusively show that the movant is not entitled to relief,

Rule 8(a) Rules for 28 U.S.C. § 2255 Proceedings; *Bryant v. United States*, 721 F.2d 572, 577

(6th Cir.), *cert. denied*, 465 U.S. 1038 (1984).

To prevail on a § 2255 motion, a petitioner must either establish an error of constitutional

magnitude that had a substantial effect or influence on his criminal proceeding, *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-638 (1993), or the record must reflect a fundamental defect in

the proceedings that inherently resulted in a complete miscarriage of justice or an omission

inconsistent with the rudimentary demands of fair procedure.  *Reed v. Farley*, 512 U.S. 339, 348

(1994); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

"When a defendant files a § 2255 motion, he must set forth facts that entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). 'Conclusions not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing.' *O'Malley*, 285 F.2d at 735." *United States v. Thurman*, Nos. 1:03-CV-251/1:02-CR-41, 2006 WL 2336337 at *1 (E.D. Tenn. August 10, 2006). *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (ruling that even *pro se* prisoner plaintiffs must allege sufficient facts on which a recognized legal claim can be based; conclusory allegations will not suffice); *Arroyo v. United States*, 876 F.Supp. 1054, 1058 (E.D. Wis. 1995) (even *pro se* allegations of prisoners are required to contain at least "'some minimum level of factual support'") (quoting *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). When the judge who hears th collateral attack is the same judge who heard the proceedings under attack, he may rely on his recollections of the prior proceedings in ruling on the collateral attack. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The movant claims that the attorney that represented him at his trial, sentencing and appeal failed to provide him the effective assistance of counsel as is guaranteed by the Sixth Amendment. Claims of ineffective assistance of counsel must be evaluated under the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 2d 674 (1984). The court in *Strickland* said:

> First, the defendant must show that the counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a

2

trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

Unless defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* 466 U.S. at 687.

The proper standard for attorney performance is that of reasonably effective counsel considering all the circumstances. *Id.* 466 U.S. at 689. Accordingly, judicial scrutiny of counsel's performance must be highly deferential. *Id.* A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The burden is on the defendant to rebut that presumption by proving that the attorney's representation fell below an objective standard of reasonableness. *Id.* 464 U.S. at 689, 104 S. Ct. 2064.

Even if a defendant satisfies the first prong of the test for ineffective assistance of counsel, he must also demonstrate that the actions of his counsel rendered the result of his trial unreliable or fundamentally unfair. To do that he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 466 U.S. at 695.

Each of the allegations of ineffective assistance of counsel made by movant when considered in light of the record in this case, fails to satisfy the test in *Strickland*. Consequently, the petition should be denied and dismissed without an evidentiary hearing.

I.      Failure to Promptly Object to Argument of Counsel

Movant Ocegueda claims that his trial counsel was ineffective because she did not immediately object to the closing argument of counsel for one of his co-defendants. As is set

3

forth in the affidavit of Kathleen Morris, movant's trial counsel, filed contemporaneously

herewith, the decision to wait until later to raise the objection and move for a mistrial was a

tactical decision made by counsel. Even if it were determined that counsel's tactical decision on

the timing of the objection satisfied the first prong of the *Strickland* test, movant does not

establish the necessary prejudice resulting to satisfy the other requirement of *Strickland*.

Counsel raised the issue of the argument of co-defendant's counsel on appeal, and the Court of

Appeals found that "given the extensive evidence against Ocegueda including the testimony of

Pena-Santiago, Lopez-Benitez, and Alvarez-Garcia, there is little likelihood that counsel's

statement affected the jury's deliberations." *United States v. Moore, et al.*, 2007 WL 199 1060

(6th Cir. 2007) p. 13. In light of the Court of Appeals' ruling on the issue of co-defendant's

counsel's argument, movant cannot establish that he was prejudiced by his counsel's tactical

decision as to the timing of her objection.

II.    Failure to Effectively Argue Against Enhancement of Offense Level Because of
       Leadership Role.

Movant argues that counsel who represented him at trial and on appeal was ineffective

because she was unsuccessful in arguing that movant's offense level should not have been

increased for his leadership role. The record reflects as does trial counsel's affidavit, that she

raised this issue before the trial court and again on appeal. The Court of Appeals found that the

trial court's decision to increase the offense level for movant because of his leadership role was

proper and supported by the record. *Id.* at 14. The fact that she was unsuccessful in pursuing

this issue does not mean that her performance fell below the standard.

Movant's allegations of ineffective assistance of counsel in regards to this lawyer's

actions taken in response to the argument of a co-defendant's lawyer and her efforts to prevent

4

his offense level from being increased because of his leadership role, are nothing more than an attempt to relitigate issues already raised on appeal. He cannot use a petition under 28 U.S.C. § 2255 for this purpose. *Dupont v. United States*, 76 F.3d 108, 110-111 (6th Cir. 1996).

III.     Failure to Advise Ocequeda Relevant to His Decision to Plead Not Guilty.

Movant claims that had he been "fully advised" by his trial counsel, "there is a reasonable probability that (Ocegueda) would have pleaded guilty and/or proceeded to a bench trial on stipulated facts." Initially, movant fails to satisfy the second prong of *Strickland* because he does not allege how the outcome would have been different since he submits only that there was a <u>reasonable</u> <u>probability</u> that he would enter a plea of guilty or submitted to a bench trial.

More importantly, as Ocegueda's trial counsel points out in her affidavit, although she fully explained the various potential outcomes resulting from a plea of guilty or proceeding to trial, Ocegueda adamantly refused to discuss a plea of guilty with his lawyer.

IV.     Additional Allegations.

Ocegueda claims his lawyer was ineffective in a variety of other ways including failure to object to fruits of inmate searches of his property and failure to object because the sentencing court did not ask if Ocegueda had read the presentence report. The record reflects no introduction of evidence seized as a result of a search of Ocegueda's personal items in jail. As Ocegueda's trial counsel points out in her affidavit, she knew that he had read the presentence report and consequently didn't object to any failure on the part of the court to inquire as to whether he had read it. Movant again fails to show how the ultimate outcome of his case would have been any different because of the alleged failure on these points by his lawyer.

For his remaining allegations, Ocegueda claims that his lawyer failed to request appropriate jury instructions, failed to object to the prosecutor's argument, failed to object to

5

evidence used to determine Ocegueda's sentencing guidelines, failed to move for a downward departure, failed to present the strongest issues on appeal, failed to preserve issues for collateral review, and she operated under a conflict of interest. In support of these allegations, movant submits no factual evidence to support them. What other issues should have been raised at sentencing and on appeal? For what argument of the prosecution should she have objected? What is the alleged conflict of interest? The petition provides no answers to these questions.

28 U.S.C. § 2255, Rule 2(b) requires that a § 2255 petition must "(1) specify all grounds for relief available" and "(2) state the facts supporting each ground." Conclusory allegations without supporting f acts or evidence do not provide a basis for relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Turner v. United States*, 183 F. 3d 474, 476-77 (6th Cir. 1999)."

The files and records in this case including the affidavit of the movant's counsel at trial and on appeal, demonstrate that she provided him with representation that far exceeded the requirements of the Sixth Amendment. She did everything a good lawyer could do with the evidence and the client with which she had to work.

The petition fails to state a claim upon which relief can be granted.  Consequently, it should be dismissed without an evidentiary hearing.

Respectfully submitted,

EDWARD M. YARBROUGH
United States Attorney for the
Middle District of Tennessee


By: s:/Harold B. McDonough, Jr.
HAROLD B. MCDONOUGH, JR.
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203
(615) 736-5151

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by first class mail, postage prepaid, to following:

Jose Moran Ocegueda
Reg. No. 26319-112
P.O. Box 6000
Glenville, WV 26351

Kathleen G. Morris
42 Rutledge Street
Nashville, TN 37210-2043

Date: April 21, 2009

s/Harold B. McDonough, Jr.
Harold B. McDonough, Jr.
Assistant United States Attorney

7